Milburn John **SWEAZEA**, Movant-Appellant,

v.

**STATE** of Missouri, Respondent.

No. 58604.

Supreme Court of Missouri,
En Banc.

Nov. 12, 1974.

William J. Shaw, Public Defender, Melvin Franke, Asst. Public-Defender, Twenty-First Judicial Circuit, Clayton, for movant-appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

HOLMAN, Justice.

Movant, Milburn John Sweazea, (hereinafter referred to as defendant) appealed to the St. Louis District of the Court of Appeals from a judgment overruling his motion to vacate filed under Rule 27.26, V.A.M.R. That court adopted an opinion which affirmed the judgment. Upon defendant's application we ordered the case transferred and it will be determined here the same as on original appeal. We affirm.

In 1969 defendant was tried and convicted for the offense of first degree robbery. The court (having found a prior felony conviction) imposed a sentence of imprisonment for a term of 10 years under

Section 556.280,[1] the second offender act. Defendant appeal to this court and we affirmed. In this 27.26 proceeding the sole contention of defendant in the trial court, and here on appeal, is that the court erred in assessing the punishment because he had not been validly convicted of a prior felony. For that reason he says he should have another trial at which the jury should assess his punishment if he is again convicted.

At the evidentiary hearing the only testimony offered was that of a deputy circuit clerk for St. Louis City who presented and identified the file in a case in which defendant was charged with assaulting a police officer on November 20, 1965. On November 7, 1966, defendant entered a plea of guilty to that charge and was sentenced to a three year term of imprisonment.

The difficulty with which we were presented on defendant's prior appeal and upon this appeal arises from the fact that there are two statutes which make it a crime to assault an officer. Under Section 557.220 the offense is a misdemeanor and under Section 557.215, a felony. At the original trial the State, in order to prove the prior conviction, offered documents reciting that defendant had entered a plea of guilty to "assaulting a police officer" and had received a three year sentence therefor and had been imprisoned in accordance therewith. At that time defendant's counsel objected that the proof was insufficient because the judgment did not disclose that the offense was a felony. The trial court ruled against defendant and made a finding that the conviction had been for a felony. After the jury verdict of guilty the trial court assessed the punishment. The defendant appealed to this court and the first point in his brief was that "The Court erred in finding that defendant had previously been convicted of a felony, and in removing the question of punishment from the jury, in

that the evidence adduced by the State failed to prove beyond a reasonable doubt that defendant had previously been convicted of a felony." In affirming the judgment we ruled that point against defendant saying that "The statute defines a felony as ' * * * any offense for which the offender, on conviction, is liable * * * to be punished with * * * imprisonment in a correctional institution of the state department of corrections * * *' Sec. 556.020. While the description of the crime committed, 'Assaulting a Police Officer', was ambiguous, the punishment assessed, three years, was not and necessarily was for violation of Sec. 557.215, not Sec. 557.220 . . . The trial court was correct in holding that the state had carried its burden of proving a prior conviction for which defendant could be and was given a penitentiary sentence." State v. Sweazea, 460 S.W.2d 614, 616 (Mo.1970).

In the instant proceeding to vacate defendant presents another reason for his contention that there was no valid conviction of a prior felony. He offered in evidence the indictment in the assault case which alleged that defendant ". . . wilfully did strike, beat and wound PATROLMAN ALONZO HOFFMAN, a member of the St. Louis Metropolitan Police Department, said PATROLMAN ALONZO HOFFMAN, then and there and at the time of the assault aforesaid, being actively engaged in the performance of duties imposed upon him by law; contrary to Section 557.215, Missouri Revised Statutes, in such case made and provided. . . ." Relying on State v. Vonderau, 438 S.W.2d 271 (Mo.1969) he now says that his conviction was void because the indictment did not allege that he *feloniously* struck the patrolman. The trial court made findings, in part, that "Plaintiff [movant] herein was indicted by the Circuit Court Grand Jury in the City of St. Louis in December, 1965 on the charge of Assaulting a Police Officer under Section 557.215 RSMo,

---

1. All statutory references are to RSMo 1969, V.A.M.S.

which makes such an offense a felony . . . The Court further finds that this same issue was raised in the Plaintiff's appeal and was decided against him in the case of State vs. Sweazea, 460 S.W.2d 614, L.C. 616(1)."

The Vonderau case held that the indictment therein was fatally defective for failure to allege that the act in question was *feloniously* done. The reason for that requirement was said to be that such would inform the accused of the nature of grade of the alleged crime. As indicated in the trial court's findings it may be that this case is distinguishable from Vonderau because here the assault was alleged to have been made "contrary to Section 557.215" which undoubtedly advised defendant that he was charged with a felony. Whether that allegation would dispense with the necessity of using the word "feloniously" in describing the act is an interesting question but one which we do not find necessary to decide. This for the reason that there is another well established rule that we consider dispositive of this case.

■ Rule 27.26(b)(3) provides that "a proceeding under this Rule ordinarily cannot be used . . . as a substitute for a second appeal." We have consistently ruled that provision to mean that where an issue is raised and decided on direct appeal defendant cannot obtain another review thereof in a 27.26 proceeding. See State v. Hurst, 347 S.W.2d 177 [1] (Mo.1961); Crawford v. State, 436 S.W.2d 632 (Mo.1969) and many other cases found in 9B Mo.Dig. ■ Defendant, however, contends that he is entitled to have this issue decided on his motion to vacate because at the original trial and appeal he did not raise the fact that the information in the prior case had been defective. The difficulty with defendant's contention is that he is overlooking the fact that the *issue* presented on the prior appeal and here is precisely the same, i. e., that the court erred in finding that defendant had previously been convicted of a felony and

hence in failing to permit the jury to assess the punishment. As stated, the issue is the same on both appeals, the only difference being that on the first appeal defendant relied on an alleged deficiency in the judgment and in the instant appeal he relies on an alleged deficiency in the indictment.

The case of Gailes v. State, 454 S.W.2d 561 (Mo.1970) is directly in point. There we stated that " . . . the issue in the original trial and appeal, and in this 27.26 proceeding, is the same, i. e., should the motion to suppress have been sustained and the evidence excluded because it was obtained as a result of an unreasonable search . . . What defendant is raising in the motion before us is an additional reason, supported by a case he failed to cite on the original appeal, as to why that *issue* should have been decided in his favor.

"It is our view that where an issue is raised and decided on direct appeal the defendant cannot obtain another review thereof in a 27.26 proceeding . . .

■ "If issues, apparently finally decided, may be reopened and reviewed simply because a litigant has an additional citation to offer or a different theory to suggest there would never be an end to litigation. The constitutional rights of defendant were fully protected when the issue presented was reviewed by this court on the original appeal." 454 S.W.2d 563, 564. When, as here, a prior conviction is alleged, there is no reason why a defendant should rely solely on deficiencies in the State's proof in contending that the conviction is invalid. If defendant or his attorney, in preparing for trial, had any doubt about the validity of the prior conviction alleged in the amended information, they should have examined the file and offered the allegedly defective indictment in evidence at the original trial. As stated in Gailes, there will never be an end to litigation if a defendant can have an issue reviewed anew each time he finds a new bit of evidence or developes a different theory of relief.

As indicated, we rule that the issue presented on this appeal, having been decided on the original appeal, cannot be again considered even though defendant has presented additional evidence which was not offered at the original trial.

The order and judgment of the trial court is affirmed.

All concur.