Curtis STENNIS, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. WD30779.

Missouri Court of Appeals,
Western District.

May 5, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
June 9, 1980.

Application to Transfer Denied
Sept. 9, 1980.

Donald L. Cain, Kansas City, for movant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

DIXON, Judge.

This is an appeal from the denial of movant's 27.26 motion without evidentiary hearing.

The movant was convicted of five separate felonies. He pled guilty to the robbery of Margaret Pearson, the rope and sodomy of Andrea Pearson, the robbery of Mathel Weekley, and the rape of Miss Weekley. He had been originally charged with the rape of Margaret Pearson as a separate count in one of the felony charges.

The trial court appointed counsel and made findings of fact and conclusions of law obedient to the mandate of *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978).

The single issue raised is that the trial court erred in failing to afford the movant an evidentiary hearing. The movant claims that an evidentiary hearing was required because he asserts the plea bargain under which the movant pled was not fully disclosed. He asserts that this lack of disclosure was prompted by his lawyer telling the movant not to disclose a portion of the agreement.

The transcript on this appeal includes the proceedings at the plea, and they are exemplary in the clarity and detail explanatory of the movant's rights, the charges against him, and the range of punishment. Subsequent to the explanation of the movant's rights, the prosecution and defense counsel disclosed to the court, in the presence of the defendant, the plea bargain. The substance of the agreement was that in exchange for pleas as to all six counts the prosecution would make no recommendation as to sentence, and a pre-sentence investigation would be directed.

After the plea bargain was disclosed, defense counsel, by questioning the movant, established that movant was aware that the pre-sentence investigation procedure promised little or no hope for probation or parole and that there were valid, signed confessions and fingerprint proof as to at least one of the offenses; further, that the vic-

tims had identified movant in a constitutionally valid lineup and the physical descriptions given by the victims on complaint closely matched the movant's description.

The movant was asked to describe what had occurred on two separate dates. The factual recital supported the offer of the pleas except that the movant denied the rape of Margaret Pearson. The movant was informed of the power of the trial court to sentence and was then asked by the court if any threats or promises were made. Movant then asserted the police had promised to drop two other uncharged offenses. After this assertion, statements by the lawyers indicated that movant had, in fact, been identified by another robbery and rape victim and no charges were being filed.

The court indicated an acceptance of the pleas to the five charges and indicated there was no plea as to the Margaret Pearson rape charge because of a lack of a factual basis. The prosecution then indicated that if pleas to five charges were accepted, the Pearson rape charge would be dismissed. The court entered the five pleas, accepted them, and dismissed the rape charge involving Margaret Pearson. The trial judge then cautioned the movant again that he was likely to receive substantial sentences and that the presentence report would likely be unfavorable. After this, the trial judge offered movant, at the very close of the hearing, an opportunity to reconsider his pleas—which the movant rejected.

In the light of these proceedings, the claim of the movant is anomalous to say the least. Movant claims the plea bargain included the dismissal of the Margaret Pearson rape charge, an event which did, in fact, occur.

Movant seeks to obtain relief by twisting his claim of dismissal, which in fact occurred, into a promise of a dismissal not divulged to the trial court and thus within the ruling of *Burgin v. State*, 522 S.W.2d 159 (Mo.App.1975). The essence of *Burgin* was an allegation of an unkept promise withheld from the sentencing judge which is not present here.

The right to an evidentiary hearing is not affected by *Fields, supra; Baker v. State*, 584 S.W.2d 65, 66 (Mo. banc 1979). The principle applicable has been recently restated by the Supreme Court:

"To be entitled to an evidentiary hearing, a 27.26 movant must plead facts, not conclusions, *which if true would entitle him to relief*; and in a case such as this, only facts which tend to refute the legality of the plea are relevant. If the record conclusively substantiates that movant did in fact knowingly and voluntarily enter a plea of guilty, denial of an evidentiary hearing is proper." *Jackson v. State*, 585 S.W.2d 495, 497[1–3] (Mo. banc 1979). (Emphasis added).

The key sentence applicable to this appeal is "if true would entitle him to relief." Even if it be assumed the movant's claim is true, it would afford him no relief. There was no unkept promise even if one be assumed. There is no prejudice and nothing appears to refute the voluntary nature of the pleas actually entered.

The trial court judgment is affirmed.

All concur.