**STATE of Missouri ex rel. Richard SMITH, Appellant,**

v.

**Honorable Daniel TILLMAN, Judge, Circuit Court of the City of St. Louis, Respondent.**

**Nos. 62681, 63015.**

Supreme Court of Missouri, En Banc.

Oct. 13, 1981.

Rory Ellinger, Hannibal, for respondent.

John P. Dockery, Jr., Asst. Circuit Atty., St. Louis, John Ashcroft, Atty. Gen., Jay D.

Haden, Asst. Atty. Gen., Jefferson City, for appellant.

BARDGETT, Judge.

There are two cases pending in this Court involving the same issue. One is *Richard Smith, appellant, v. Honorable Daniel Tillman, Judge, respondent,* which is more accurately styled, *Richard Smith, appellant, v. State of Missouri, respondent,* and is cause No. 63015. It is the appeal from the denial of appellant's 27.26 motion. The other case is *Richard Smith, petitioner, v. Honorable Daniel Tillman, Judge, respondent,* cause No. 62681, and is a mandamus proceeding seeking an order directing Judge Tillman to appoint an attorney for petitioner on his 27.26 motion and to order a rehearing thereon. The two cases have been consolidated into the mandamus proceeding, No. 62681. As will be seen, the mandamus is dismissed and the order and judgment denying appellant's 27.26 motion without counsel is reversed and remanded with directions to appoint counsel and to proceed in accordance with the Rule.

Richard Smith, appellant-petitioner, is a prisoner in the custody of the Department of Corrections pursuant to a conviction of robbery in the first degree and sentence of twenty years imprisonment. His conviction was affirmed on direct appeal. *State v. Smith,* 556 S.W.2d 484 (Mo.App.1977).

Smith filed a pro se motion pursuant to Rule 27.26 in the Circuit Court of the City of St. Louis alleging that he was deprived of his constitutional right to effective assistance of counsel at his trial, that certain testimony against him was prejudicial, and that the state suppressed evidence favorable to him and prayed that his conviction and sentence be vacated. He sought to proceed as a poor person and requested counsel be appointed to represent him on the motion. He was permitted to proceed as a poor person and the trial judge ordered an evidentiary hearing to be held. The trial judge overruled Smith's motion for appointment of counsel because the judge was of the opinion that § 600.071 prohibited him from appointing counsel on motions filed pursuant to Rule 27.26. The statute referred to was enacted as S.S.S.C.S.H.B. 1665,[1] and is part of Chapter 600 "Public Defenders".

■ Appellant Smith filed a pro se writ of mandamus in this Court to compel the judge to appoint counsel for him and to order another evidentiary hearing with counsel present. The proper procedure would have been to file a notice of appeal in the appropriate appellate court, but then appellant is not a lawyer. After this Court appointed an attorney to represent appellant, counsel sought and obtained leave to file a late notice of appeal in the Missouri Court of Appeals, Eastern District. Due to the pendency of the mandamus proceeding, the court of appeals ordered the cause transferred to this Court. This Court consolidated the two causes. Because the issue can be adequately decided on the appeal,

---

1. S.S.S.C.S.H.B. 1665 provides in part:

Section 1. Enacting clause.—Section 600.-010, 600.066, 600.071 and 600.160, RSMo 1978, are repealed and four new sections enacted in lieu thereof, to be known as sections 600.010, 600.066, 600.071 and 600.160, to read as follows:

. . . . .

. . . . .

600.071. Court may appoint counsel, when.—A court may appoint counsel to represent a defendant who:

(1) Has filed within the circuit a motion seeking relief pursuant to rule 27.26 of the Missouri rules of court;

(2) Has filed within the circuit a petition for habeas corpus alleging his liberty to be unlawfully restrained by public authority;

(3) Has filed a petition for release from a state hospital pursuant to section 552.040, RSMo; or

(4) If subject to revocation of parole, whenever the court determines that the interests of justice so require and that such person is indigent. No counsel shall be appointed except when a defendant is entitled to appointed counsel by constitutional requirement.

The above is reproduced accurately in 1980 Laws of Missouri 502–03. Section 600.071 as set out in Missouri Revised Statutes 1980 Cumulative Supplement does not comport with either S.S.S.C.S.H.B. 1665 or 1980 Laws of Missouri.

the petition for writ of mandamus is dismissed.

The sole issue is whether the trial court should have appointed counsel for Smith on this 27.26 motion.

Rule 27.26 has been part of the procedural law of Missouri essentially in its present form since the amendment of 1967. Prior to November 6, 1978, however, counsel was not required to be appointed unless the motion presented questions of law or issues of fact. This Court envisioned that counsel would be appointed more often than not. Nevertheless, a tendency developed to appoint counsel less frequently and only when an evidentiary hearing was ordered by the judge. Thus, numerous appeals followed the refusal of a trial court to appoint counsel and to hold a hearing. Each appeal required attorneys for the movant and the state to expend great amounts of time, effort, and money to simply obtain an appellate court's determination as to whether a hearing should have been held or trial counsel should have been appointed. Understandably, pro se petitions filed by prisoners were "inarticulate and inartful expressions of frustration." *Fields v. State*, 572 S.W.2d 477, 482 (Mo.banc 1978). The trial court was placed in the quandary of evaluating the deficient petition and determining if a hearing was required and whether counsel should be appointed, with only the state being represented by counsel. Since in the Missouri judicial system a circuit judge has no legal or investigative help available to him, the court was provided with little assistance in reaching a correct result. In many instances, a second 27.26 proceeding was instituted because the first was incomplete.

This Court recognizes that the United States Supreme Court has not held that a state must afford any specific postconviction relief proceeding to state prisoners. Habeas corpus has been the traditional constitutional vehicle for seeking relief from alleged unconstitutional restraint in state and federal courts. Article I, § 12, of the Missouri Constitution provides, "That the privilege of the writ of habeas corpus shall

never be suspended", and Article I, § 9, cl. 2, of the United States Constitution contains a similar provision. Rule 27.26(a) provides in part:

This Rule does not suspend the rights available by habeas corpus but rather prescribes the procedure to be followed in seeking the enforcement of those rights. It includes all relief heretofore available in any court by habeas corpus when used for the purpose of seeking to vacate, set aside or correct a sentence, plus relief not available by habeas corpus.

*Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), and *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), involved habeas corpus proceedings instituted in a United States District Court by state prisoners seeking vacation of their state convictions. In *Townsend* the District Court denied the state prisoner's petition for writ of habeas corpus without a hearing, and the United States Court of Appeals for the Seventh Circuit affirmed. The United States Supreme Court reversed and remanded for hearing on the prisoner's claim of a coerced confession allegedly leading to an unconstitutional conviction. In *Fay v. Noia, supra,* the District Court denied the petition for habeas corpus because the prisoner had failed to appeal his state conviction and, therefore, had not exhausted his state remedies even though it was stipulated in the habeas proceeding that the coercive nature of petitioner's confession had been established. The United States Court of Appeals for the Second Circuit reversed and ordered the state conviction vacated unless the petitioner was given a new trial forthwith. The United States Supreme Court affirmed the order of the Court of Appeals reversing the District Court.

In neither case did the United States Supreme Court hold that the states must, under the Constitution of the United States, provide a postconviction remedy procedure. In both cases the Court, directing its remarks to *federal* courts, said that the federal courts have habeas corpus power to consider and decide claims of unconstitutional convictions of state prisoners and

the constitutional duty to do so *if* the state withholds an effective remedy.

In *Townsend* the United States Supreme Court said:

> We hold that a federal court must grant an evidentiary hearing to a habeas applicant under the following circumstances: If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

372 U.S. at 313, 83 S.Ct. at 757.

The Court went on to note what would not be adequate but pointed out:

> Furthermore, the coequal responsibilities of state and federal judges in the administration of federal constitutional law are such that we think the district judge may, in the ordinary case in which there has been no articulation, properly assume that the state trier of fact applied correct standards of federal law to the facts, in the absence of evidence, such as was present in *Rogers v. Richmond* [365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760], that there is reason to suspect that an incorrect standard was in fact applied.

*Id.* at 314–15, 83 S.Ct. at 757–58 (footnote omitted).

In *Fay v. Noia* the United States Supreme Court observed:

> It should be unnecessary to repeat what so often has been said and what so plainly is the case: that the availability of the Great Writ of habeas corpus in the federal courts for persons in the custody of the States offends no legitimate state interest in the enforcement of criminal justice or procedure. Our decision today swings open no prison gates. Today as always few indeed is the number of state prisoners who eventually win their freedom by means of federal habeas corpus. Those few who are ultimately successful are persons whom society has greviously wronged and for whom belated liberation is little enough compensation. Surely no fair-minded person will contend that those who have been deprived of their liberty without due process of law ought nevertheless to languish in prison.... If the States withhold effective remedy, the federal courts have the power and the duty to provide it. Habeas corpus is one of the precious heritages of Anglo-American civilization. We do no more today than confirm its continuing efficacy.

372 U.S. at 440–41, 83 S.Ct. at 849–50.

Both decisions go into much greater detail and are more expansive and specific that those portions quoted. But for the purposes of the instant case, it is perhaps sufficient to note that the concept of federalism in our Country, in part at least, strongly suggests that the States provide for and adjudicate those matters which are essentially of state concern—validity of state convictions—although the right asserted is derived from the United States Constitution as well as the Missouri Constitution. It would, therefore, seem important that the proceedings in Missouri be sufficient so as to not require subsequent hearings and decisions in the federal courts with respect to the validity of Missouri convictions.

█ All the problems mentioned above involving this Court's efforts to accord only *one* postconviction proceeding with a high probability of finality were considered in *Fields v. State, supra,* and it was determined that the most efficient and inexpensive way to accord such a postconviction proceeding was to provide for counsel at the *outset.* In this fashion, the motion itself would be accurate and thorough; the hearing, if required, could be conducted with the assistance of a lawyer for each party; and the appeal, if taken, could be final. It was and is believed that the amendment to Rule

27.26(h)[2] would contribute substantially to an expeditious, less expensive, and more final resolution of postconviction constitutional issues and make effective the prohibition of Rule 27.26(d) against successive motions. To that end, the rule was amended to require the trial court to appoint counsel on the filing of a 27.26 motion. The amendment has been effective for these purposes. Only when both sides have the benefit of trained legal personnel can all claims be raised in a single motion, the issues be clearly identified, the claims effectively and properly presented, and the matter resolved in an efficient and expeditious manner. Finality, efficiency, and economy are occasioned by Rule 27.26(h)'s per se requirement of appointment of counsel.

The state and respondent contend, however, that § 600.071, by its terms, prohibits the trial court from appointing counsel unless constitutionally required. It seems obvious that Chapter 600 is concerned primarily with *payment* to appointed counsel and not the appointment of counsel as such. The question of the legislature's authority to prohibit the judicial branch of government from requiring the appointment of private counsel for 27.26 movants where the judicial branch deems it necessary to efficient court proceedings need not be reached because § 600.071 neither prohibits the appointment of nor payment to appointed counsel in Rule 27.26 proceedings. The only subsection containing any prohibition of appointed counsel is § 600.071(4), which only speaks of parole revocation proceedings.[3] That matter is not involved in this case. It is clear, therefore, that respondent was required by Rule 27.26(h) to appoint counsel for movant.

The court erred in refusing to appoint counsel for movant. Therefore, the judgment is reversed and the cause is remanded to the trial court with directions to appoint counsel and proceed with the motion.

DONNELLY, C. J., and SEILER, WELLIVER, MORGAN, and HIGGINS, JJ., concur.

RENDLEN, J., concurs in result.

2.  (h) Right to Counsel. When an indigent prisoner files a pro se motion, the court shall immediately appoint counsel to represent the prisoner. Counsel shall be given a reasonable time to confer with the prisoner and to amend the motions filed hereunder if desired. Counsel shall have the duty to ascertain from the prisoner the facts supporting the grounds asserted in the motion and if those facts are not sufficiently stated in the motion, counsel shall file an amended motion. Counsel also shall ascertain from the prisoner whether he has included all grounds known to him as a basis for attacking the judgment and sentence and, if not, shall file an amended motion which also sufficiently alleges any additional grounds and the facts in support thereof. If, for good cause shown, appointed counsel is permitted to withdraw, the trial court shall appoint new counsel to represent the indigent defendant.

3.  In both S.S.S.C.S.H.B. 1665 and the 1980 Laws of Missouri, the restriction on appointment of counsel is contained *only* in subsection 4. *See* note 1 *supra.*