■
**Ralph Edison PARCEL,
Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 12285.**

Missouri Court of Appeals,
Southern District,
Division One.

July 28, 1982.

Lynn E. Heitman, Turner, Reid, Duncan & Loomer, P. C., Springfield, for movant-appellant.

John Ashcroft, Atty. Gen., Priscilla Gunn, William K. Haas, Asst. Attys. Gen., Jefferson City, for respondent.

FLANIGAN, Judge.

Movant Ralph Parcel appeals from a denial, without evidentiary hearing, of his Rule 27.26[1] motion to set aside a judgment and sentence for felony murder (§ 559.010 RSMo 1969). This court affirmed the conviction in *State v. Parcel*, 546 S.W.2d 571 (Mo.App.1977).

On May 24, 1979, movant filed a pro se motion. Although this motion was submitted on the form appearing in the appendix to Rule 27.26, and although Rule 27.26(c) requires the motion to be submitted "on a form substantially in compliance with" that form, this motion did not comply with the instructions on the form. Paragraph 8 of the form requires a concise statement of all grounds "for vacating, setting aside, or correcting your conviction and sentence." Paragraph 8 of the motion, obviously written by a layman, is rambling, verbose, argumentative and conclusional. Paragraph 9 of the form requires a concise statement of the facts supporting each of the grounds set out in paragraph 8. Paragraph 9 of the first motion set forth no facts at all but merely listed witnesses that movant intended to call. There was no attempt to set forth the substance of the anticipated testimony of the witnesses.

After the first motion was filed, the trial court appointed an attorney[2] for movant. In February 1981 movant filed a "first amendment" to the first motion. This document, by leave of court, was incorporated into the first motion and will be referred to as the second motion. However, the second motion did not supply any facts to supplement paragraph 9 of the original motion. The second motion merely listed certain witnesses movant intended to call and very tersely described certain questions which would be asked of those witnesses. The anticipated testimony was not set forth.

For the following reasons it is necessary that the ruling of the trial court be reversed and the cause remanded.

Rule 27.26(h), in pertinent part, reads:

"(h) Right to Counsel. When an indigent prisoner files a pro se motion, the court shall immediately appoint counsel to represent the prisoner. Counsel shall be given a reasonable time to confer with the prisoner and to amend the motions filed hereunder if desired. *Counsel shall have the duty to ascertain from the prisoner the facts supporting the grounds asserted in the motion and if those facts are not sufficiently stated in the motion, counsel shall file an amended motion.* Counsel also shall ascertain from the prisoner whether he has included all grounds known to him as a basis for attacking the judgment and sentence and, if not, shall file an amended motion which also sufficiently alleges any additional grounds and the facts in support thereof . . . ." (Emphasis added.)

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

2. The attorneys representing movant on this appeal did not represent movant in the trial court.

Our supreme court has stated that it is important that Rule 27.26 proceedings in Missouri "be sufficient so as to not require subsequent hearings and decisions in the federal courts with respect to the validity of Missouri convictions." *State ex rel. Smith v. Tillman*, 623 S.W.2d 242, 245 (Mo. banc 1981). The purpose of appointing counsel at the outset, said the court, is to make the motion "accurate and thorough."

Rule 27.26(h) is, in effect, a codification of the decision of our supreme court in *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978). The ruling in *Fields*, as now stated in Rule 27.26(h), is not inconsistent with Rule 27.26(e) which requires the trial court to hold an evidentiary hearing "if issues of fact are raised in the motion." The latter rule also requires an evidentiary hearing "if the allegations of the motion directly contradict the verity of records of the court." See *Haliburton v. State*, 617 S.W.2d 417, 419 (Mo.App.1981).

". . . *Fields* left undisturbed the requirement of Rule 27.26 . . . that the pleadings must state facts, not conclusions, as a predicate for relief." *Westmoreland v. State*, 594 S.W.2d 596, 597 (Mo. banc 1980). See also *Rice v. State*, 585 S.W.2d 488, 492 (Mo. banc 1979); *Jackson v. State*, 585 S.W.2d 495, 497 (Mo. banc 1979); *Stennis v. State*, 603 S.W.2d 8, 9 (Mo.App.1980).

A converse statement of the rule respecting the need for an evidentiary hearing is found in *Cawthon v. State*, 614 S.W.2d 262, 264 (Mo.App.1980), where the court said:

"[A]n evidentiary hearing is not mandatory and may be denied by the circuit court if [movant], with assistance of counsel, is unable to amend his motion in such a way as to establish a factual basis for his . . . claimed relief."

"When an indigent prisoner files a pro se motion, counsel is to be immediately appointed. Rule 27.26(h). The duties of such counsel are outlined by that rule. If the motion as filed does not comply with the rules, those duties include the duty to file an amended motion 'to state factually in *lawyerlike fashion* the basis for all claims for relief under Rule 27.26 which movant

claims to have.' (Emphasis added). *Fields v. State*, 572 S.W.2d 477, 483 (Mo. banc 1978). This does not mean to amend a long, rambling, conclusory, accusatory, prolix motion by adding to it additional allegations stated in lawyerlike fashion. It means to file an amended motion in the place of the pro se motion which amended motion shall state factually in lawyerlike fashion the basis for all claims for relief under Rule 27.26 which movant claims to have. The amended motion may then properly serve the function of a pleading in the trial of the issues under Rule 27.26. No other practice should be tolerated." *Pool v. State*, 634 S.W.2d 564 (Mo.App.1982).

In the case at bar the "statement of facts" portion of the brief of movant-appellant makes no mention of the contents of the first motion or the second motion. This is understandable because neither motion set forth any facts. In the trial court appointed counsel failed to perform his duty of ascertaining from the movant whether there was a factual basis for his claimed relief and, if so, of filing an amended motion which would include same. There is nothing in the instant record to show that movant is unable to supply a factual basis for his claimed relief.

In this court movant's first point asserts that the trial court erred in denying his motion without an evidentiary hearing. For the reasons stated above, the instant record will not support a review of that contention. Movant's second point is that he was denied effective assistance of counsel in the proceeding because his trial counsel did not amend the motions. It is unnecessary to consider whether such a contention is reviewable on this appeal because, on remand, Rule 27.26(h) will receive compliance.

The judgment is reversed and the cause is remanded for further proceedings in compliance with Rule 27.26 and this opinion.

TITUS and PREWITT, JJ., concur.

GREENE, J., recused.