Robert BAKER, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 47709.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 25, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied
Oct. 30, 1984.

Application to Transfer Denied
Dec. 18, 1984.

James C. Jones, Eugene H. Buder, St. Louis, for movant-appellant.

John Ashcroft, Atty. Gen., Kelly Mescher, Asst. Atty. Gen., Jefferson City, for respondent.

STEWART, Judge.

In this proceeding under Rule 27.26 movant appeals the trial court's denial of an evidentiary hearing and denial of his motion. We affirm.

In the underlying action movant was convicted by a jury upon a charge of capital murder. The facts briefly are that movant approached an undercover detective who was seated in a car with a hand held police radio on the seat. Movant robbed the officer and shot and killed the officer with his own gun.

In the second phase of the case the jury found as an aggravating circumstance that the murder of the victim was committed against a police officer in the performance of his official duty. The jury fixed the punishment at death. The trial court entered judgment upon the jury verdict. The Missouri Supreme Court affirmed the judgment. *State v. Baker*, 636 S.W.2d 902 (Mo. banc 1982), cert. denied 459 U.S. 1183, 103 S.Ct. 834, 74 L.Ed.2d 1027 (1983).

On this appeal we have been favored with comprehensive findings of fact and conclusions of law by the trial court. We shall draw extensively from them without the use of quotation marks.

Our review is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 27.26(j); *Phillips v. State*, 639 S.W.2d 270, 272 (Mo.App.1982).

In the first issue raised, movant contends that the trial court erred in not concluding that the application of the statutory aggravating circumstance in this case was unconstitutional in that (1) the sentencing statute, § 565.012.2(8) RSMo [1] must require a specific intent on the part of the defendant to kill a police officer and the death sentence be imposed with a jury finding that movant had the specific intent to kill a police officer.

■ When questions are raised and ruled on in a direct appeal from the conviction and sentence, they are not cognizable again in post-conviction proceedings under Rule 27.26(d). *Sweazea v. State*, 515 S.W.2d 499, 501 (Mo. banc 1974).

We take notice of the record of defendant's direct appeal to determine whether movant's present objections were previously raised and ruled on. *Franklin v. State*, 655 S.W.2d 561, 563[1] (Mo.App.1983).

Movant's brief on direct appeal to the Missouri Supreme Court raised the issue of the constitutionality of the aggravating circumstance statute § 565.012.2(8) for failure to require a finding of specific intent. *State v. Baker*, 636 S.W.2d at 907[9].

■ The Missouri Supreme Court considered this issue and ruled as a matter of state law that "the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that appellant knew Erson [the victim] was a police officer." *State v. Baker*, 636 S.W.2d at 907. The court specifically declined to address the mens rea issue, invoking the *Liverpool* doctrine of prudential restraint "[t]hat a person to whom a statute may constitutionally be applied may not challenge that statute on the ground that it may conceivably be applied unconstitutionally to others in situations not before the court." *New York v. Ferber*, 458 U.S. 747, 767, 102 S.Ct. 3348, 3360, 73 L.Ed.2d 1113, 1129 (1982). *Liverpool, New York & Philadelphia S.S. Co. v. Commissioners of Emigration*, 113 U.S. 33, 39, 5 S.Ct. 352, 355, 28 L.Ed. 899 (1885). The Missouri Supreme Court did not ignore Baker's argument, but it held that the evidence was dispositive of intent beyond a reasonable doubt and that therefore the constitutional questions presented need not be reached in this case. The trial court in the Rule 27.26 hearing was correct in concluding the constitutional questions regard-

---

**1.** § 565.012.2(8) RSMo 1978 reads as follows:
   (8) The capital murder was committed against any peace officer, corrections employee, or fireman while engaged in the performance of his official duty;

ing § 565.012.2(8) were raised by defendant in his direct appeal, and are not cognizable again pursuant to Rule 27.26. Rule 27.-26(d); *Sweazea*, 515 S.W.2d at 501.

Movant next contends that the trial court erred in overruling his Rule 27.26 contention that his constitutional rights were violated (1) at the trial in which he was convicted and sentenced because he was entitled to have the court instruct the jury on first degree murder in the attempt or perpetration of a robbery; and (2) by the Missouri Supreme Court's determination on direct appeal that under § 556.046 RSMo 1978, first degree murder, § 565.003, is not a lesser included offense of capital murder, § 565.001. The failure of the trial court to instruct on first degree murder was raised on direct appeal and ruled adversely to movant. *State v. Baker*, 636 S.W.2d at 904[1–4]. The defendant may not obtain another review of these issues in a 27.26 proceeding. 27.26(b)(3). See *Malone v. State*, 644 S.W.2d 381, 382 (Mo.App.1982).

Appellant also contends that the trial court erred in denying an evidentiary hearing on the issue of ineffectiveness of his counsel at his first trial due to the failure to pursue an alibi defense.

■ To be entitled to an evidentiary hearing on the issue of ineffectiveness of counsel, the movant must (1) plead facts, not conclusions, which if true would warrant relief, (2) those facts must not be refuted by the record, and (3) the matters complained of must have resulted in prejudice to the movant. Rule 27.26(e); *Merritt v. State*, 650 S.W.2d 21, 22 (Mo.App.1983).

■ Movant's motion alleges that he gave his attorney at the first trial the names of witnesses who would testify that he was not present at the time and place that the crime was committed and that he did not participate in the crime. Neither the names of the witnesses nor the substance of the testimony expected from the witnesses was pleaded. Movant was not entitled to an evidentiary hearing on this issue. *Merritt v. State*, supra.

■ Appellant also contends that the trial court erred in denying his contention that he was denied due process of law when the state used evidence of his prior convictions as direct evidence of guilt of the crime charged. The Missouri Supreme Court ruled upon this issue on the direct appeal and upheld the well-settled use of prior convictions in this case for impeachment purposes. § 491.050 RSMo 1978. *State v. Baker*, 636 S.W.2d at 906–907[7, 8]. We may not consider this issue in the post-conviction proceedings. *Sweazea v. State*, 515 S.W.2d at 501.

■ Movant asserts that he was denied effective assistance of counsel at the trial at which he was convicted because his counsel failed to petition for change of venue due to adverse pre-trial publicity. The motion states no facts showing prejudice to movant. *Murphy v. State*, 636 S.W.2d 699, 702[12] (Mo.App.1982).

■ Movant next contends that his rights under the Eighth and Fourteenth Amendments to the United States Constitution were violated because the jury was not required to find that it was his bullet and not the co-defendant's that killed the victim. Movant's reliance on *Enmund v. Florida*, 458 U.S. 782, 102 S.Ct. 3368, 3376–3377, 73 L.Ed.2d 1140 (1982), is misplaced. In Baker's confession, he admits to having shot and killed the victim, and Instruction no. 7 at Baker's trial required the jury to find specific intent as an element of the offense of capital murder. The trial court ruled correctly on this issue.

Other matters sought to be raised by movant have been reviewed and found to have no merit.

We affirm the judgment of the trial court.

SNYDER, P.J., and DONALD MANFORD, Special Judge, concur.