William "Pete" MANNON, Appellant,

v.

STATE of Missouri, Respondent.

No. 14759.

Missouri Court of Appeals, Southern District, Division One.

April 15, 1987.

Nancy A. McKerrow, Columbia, for appellant.

No appearance for respondent.

CROW, Chief Judge.

William "Pete" Mannon ("movant") appeals from a judgment denying his amended motion per Rule 27.26, Missouri Rules of Criminal Procedure (16th ed. 1985), to vacate his conviction of murder in the second degree, § 565.004, RSMo 1978, for which he was sentenced to 50 years' imprisonment. The conviction, a result of trial by jury, was affirmed on direct appeal. *State v. Mannon*, 663 S.W.2d 780 (Mo.App.1983).

The instant proceeding was commenced November 7, 1984, when movant filed a pro se motion in the circuit court, henceforth referred to as "the motion court." Movant's motion contained numerous obfuscatory, abstract and prolix averments, many of which we need not endeavor to catalogue or decipher in this opinion.

At movant's request, the motion court appointed counsel to represent him.[1] On October 24, 1985, movant's counsel filed a "First Amended Rule 27.26 Motion," incorporating movant's pro se motion by reference, and adding one new ground for relief, i.e., that movant's 50-year sentence was unauthorized by statute, and should be reduced to 30 years. By failing to include, in the amended motion, a factual and lawyer-like statement of each claim for relief that movant had attempted to assert in his pro se motion, movant's counsel ignored the admonition of *Parcel v. State*, 637 S.W.2d 440, 442 (Mo.App.1982), and *Pool v. State*, 634 S.W.2d 564, 566[3] (Mo.App.1982).

We recognize, of course, that some prisoners seeking post-conviction relief, through their own mistaken ideas or guidance from fellow prisoners, may not permit their counsel to so amend their pro se motions. If that occurs, the procedure to be followed is spelled out in *Dickson v. State*, 449 S.W.2d 576, 577[1] (Mo.1970), and *Pool*, 634 S.W.2d at 566–67[4, 5]. In the instant case, however, there is no indication of any such impasse between movant and his counsel.

Among the assertions in movant's pro se motion, we find an allegation that the information on which he was tried failed to plead all the elements of murder in the second degree, an allegation that by reason thereof the circuit court lacked jurisdiction to try him, an allegation that the statute under which he was sentenced (§ 565.008.2, RSMo 1978) is unconstitutional, an allegation that the jurors who tried him were not selected in accordance with § 494.240, RSMo 1978, and an allegation that the attorney who represented him at the jury trial ("R___") rendered ineffective assistance in a multitude of respects.

The alleged instances of ineffective assistance include failure to: (1) challenge the information, (2) challenge the constitutionality of § 565.008.2, (3) challenge the method of selecting jurors in Scott County, (4) invoke the "witness rule," (5) object to hearsay testimony, (6) object to evidence of another offense irrelevant to the murder charge, (7) raise the argument that venue had not been proven, (8) object to police testimony that movant refused to sign a "waiver" or make a statement upon arrest, (9) object to the State showing the jury certain exhibits that had not been received in the motion court.

---

1. The attorney representing movant in this appeal is not the attorney who represented movant

in evidence, and (10) advise movant about the consequences of testifying.[2]

No evidentiary hearing was held by the motion court.

On April 23, 1986, the motion court filed findings of fact and conclusions of law, stating:

"... the Court ... finds that the Information ... is sufficient and proper under the laws of the State of Missouri.

That the Court had jurisdiction because of said Information.

That the sentence rendered by the Court in this case was within the statutory range of punishment for the crime charged and for which the [movant] was convicted. The Court, upon examination of the records, fails to find any grounds for the [movant's] allegations of ineffective assistance of counsel and, therefore, it is ordered and adjudged that the movant's motion is overruled and denied and that said motion is dismissed with prejudice."

Movant appeals, briefing two assignments of error. The first is:

"The [motion] court was clearly erroneous in denying [movant's] motion ... under Rule 27.26 without granting an evidentiary hearing ... because the record leaves a firm conviction that a mistake had been made in entering such judgment in that [movant] claimed that he was denied effective assistance of counsel, and he pleaded numerous factual allegations in support of that claim which, if proved, would warrant relief and which are not refuted by the record."

■ To be entitled to an evidentiary hearing on the issue of ineffectiveness of counsel, a prisoner seeking post-conviction relief must plead facts, not conclusions, which if true would warrant relief; those facts must not be refuted by the record; and the matters complained of must have resulted in prejudice to the prisoner. *Baker v. State*, 680 S.W.2d 278, 281[3], (Mo. App.1984); *Merritt v. State*, 650 S.W.2d 21, 22–23 (Mo.App.1983).

Movant points to several allegations which, he insists, meet the requirements for an evidentiary hearing under *Baker* and *Merritt*. One such allegation is the averment that R____ failed to object to police testimony that movant refused to sign a waiver of his rights or to make a statement about the shooting. Citing *State v. Leonard*, 606 S.W.2d 403, 407[4] (Mo.App.1980), movant stresses that it is impermissible for the State to comment in argument or introduce evidence regarding an accused's post-arrest failure to volunteer an exculpatory statement. Movant asserts that whether R____'s failure to object to such testimony was a matter of trial strategy or an instance of ineffective assistance cannot be determined without an evidentiary hearing. Furthermore, argues movant, a determination whether R____'s failure to object to such testimony was prejudicial to movant cannot be made absent an evidentiary hearing.

Movant also maintains that an evidentiary hearing was necessary to determine whether R____ was ineffective in failing to object to two instances of hearsay testimony that movant was the one who fired the fatal shot.

The motion court's task was rendered unnecessarily difficult by the rambling, vague and conclusional nature of the allegations in the pro se motion. Several of the allegations of ineffective assistance could probably have been rejected by the motion court on the ground that they pleaded no facts to substantiate the alleged ineffectiveness. *See: Boyet v. State*, 671 S.W.2d 417, 418[1] (Mo.App.1984); *Wilson v. State*, 643 S.W.2d 6, 8[3, 4] (Mo.App. 1982). Movant's allegation about R____'s failure to object to hearsay testimony could have been readily denied on that ground, as such allegation identified no testimony to which a hearsay objection should have been made. Perhaps movant's allegation about R____'s failure to object to police testimony that movant refused to sign a waiver of his rights or to make a statement when arrest-

---

**2.** Movant elected not to testify at the jury trial.

ed could also have been denied for the same reason, though we need not decide that issue.

■ The problem we are confronted by on this appeal is that the motion court, as we read its judgment, did not reject any allegation of ineffective assistance of counsel because such allegation failed to allege sufficient facts to support it. Instead, as we have seen, the motion court ruled that the *records* contained no grounds for movant's allegations of ineffective assistance of counsel. That, it seems to us, is a holding by the motion court that movant is not, *on the merits*, entitled to relief on any alleged instance of ineffective assistance by R____.

Paragraph "(i)" of Rule 27.26 provides that the motion court shall make findings of fact and conclusions of law on all issues presented, *whether or not a hearing is held.* Only if that is done can an appellate court make the kind of review contemplated by paragraph "(j)" of Rule 27.26. *Fields v. State*, 572 S.W.2d 477, 483 (Mo. banc 1978). A mere recital or statement that the motion, files and records show that the prisoner is entitled to no relief will not constitute compliance with Rule 27.26(i). *Id; Gill v. State*, 712 S.W.2d 732, 733[3] (Mo.App.1986); *Lewis v. State*, 700 S.W.2d 491, 492[1] (Mo.App.1985).

Had the motion court in the instant case addressed movant's averments one by one, listing those that the court denied for failure to allege sufficient facts to warrant relief, and making findings of fact and conclusions of law on any that required such treatment, we could review the judgment as contemplated by Rule 27.26(j). We cannot, however, discharge that duty when the only finding on the numerous averments of ineffective assistance is that the records fail to demonstrate any grounds for such allegations.

While some of movant's other allegations raise only issues of law, i.e., the sufficiency of the information, the constitutionality of the statute under which he was sentenced,

and the maximum permissible imprisonment for murder in the second degree, such is not the case in regard to all of his allegations. One example of the latter is movant's averment that the method of selecting veniremen in Scott County violates § 494.240.

We have therefore concluded that the judgment must be reversed and the cause must be remanded to the motion court with directions to make findings of fact and conclusions of law on all issues presented, as required by Rule 27.26(i).

One other item remains to be addressed. In the brief filed for movant by his counsel on appeal, there is a request that if the cause be remanded, we instruct movant's appointed counsel to prepare an amended motion within the guidelines of *Parcel*, 637 S.W.2d at 442, and *Pool*, 634 S.W.2d at 566[3]. Inasmuch as we have noted the matter earlier in this opinion, no directive to counsel should be necessary.

■ Movant's second assignment of error asserts that by reason of the repeal of § 546.490, RSMo 1969, effective January 1, 1979 (Laws 1977, S.B. 60, § 1, pp. 662–63), the trial court was without authority under § 565.008.2, RSMo 1978, to assess a 50–year sentence. While that is a question of law that could be resolved on this appeal, doing so would result in piecemeal appellate review. We therefore decline to address that issue now. Movant does not contend that the trial court was without authority to sentence him; he argues only that the maximum term of imprisonment to which he could have been sentenced was 30 years. It does movant no disservice to remand the cause without addressing his second point, as he has served only a few years of his sentence, and would not now be entitled to release even if his second point were meritorious, an issue on which we express no opinion. Additionally, were we to address movant's second point now, and reject it, movant would be faced with the problem of whether to seek transfer to the Supreme Court of Missouri. A transfer would further delay the proceedings in

the motion court, while a decision not to seek transfer could possibly result in a future holding that our decision on the point was res judicata. We need not add that issue to those already present in this case.

The judgment denying movant's amended motion to vacate is reversed, and the cause is remanded to the motion court for findings of fact and conclusions of law in conformity with Rule 27.26(i). Should the motion court, upon reflection, conclude that an evidentiary hearing is necessary, the motion court is, of course, free to conduct one.

GREENE, P.J., and LAWRENCE O. DAVIS, Special Judge, concur.