**Ray Herbert STAPP, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 15815.**

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 6, 1989.

Gary M. Wilson, Asst. Public Defender, Springfield, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Presiding Judge.

On November 23, 1987, Ray Herbert Stapp ("movant") filed a pro se motion per Rule 27.26, Missouri Rules of Criminal Procedure (18th ed. 1987),[1] to vacate his conviction and seven-year prison sentence for burglary in the second degree, § 569.170, RSMo 1986. The conviction and sentence resulted from a plea of guilty April 13, 1987.

On March 29, 1988, movant's court-appointed counsel filed a first amended motion incorporating the allegations of the pro se motion and adding other allegations. On June 22, 1988, the circuit court (henceforth referred to as "the hearing court") filed findings of fact and conclusions of law denying relief without an evidentiary hearing. Movant appeals from that order.

Movant's brief presents one point. It avers:

"The hearing court erred ... when it ... [denied relief] without an evidentiary hearing because movant's pro se and amended ... motions raise a sufficient issue of fact to entitle him to an evidentiary hearing as to whether he was denied effective assistance of counsel in that movant's counsel failed to adequately explain the legal terminology and consequences embodied in his plea of guilty, rendering movant's plea involuntary, unknowing, and unintelligently made. Trial counsel's failure to perform his duties with the care and skill of a reasonably competent attorney rendering similar services under existing circumstances deprived movant of his constitutional right to effective assistance of counsel."

To fathom the point one must understand that movant's plea of guilty was entered pursuant to a plea agreement, the terms of which were: (a) the prosecutor would not seek leave to file an amended information alleging movant was a persistent offender, § 558.016.3, RSMo 1986, (b) the prosecutor would dismiss a charge of possession of burglar's tools, § 569.180, RSMo 1986, (c) movant would be sentenced to seven years' imprisonment, and (d) such sentence would run consecutively to an eight-year prison sentence on an earlier conviction which movant was to be required to serve by reason of revocation of parole.

The import of movant's point on appeal is found in the following excerpt from the argument portion of his brief:

"Movant contends that he is possessed of a below-average intellect and a small amount of formal education and was confused and frightened by the prospects of the complex persistent offender sentencing procedure and the legal terminology employed by counsel and because of these circumstances was unable to comprehend the meaning of the term 'consecutive' and believed at the time he entered his plea of guilty he was to be sentenced to a total of seven years imprisonment[.] Movant contends that had his attorney properly explained the distinction between a sentence running 'consecutive' to another sentence and a sentence running 'concurrent' to another sentence, he would have better understood the consequences of his plea[.] Movant stated that had he fully understood this distinction he would not have plead guilty and his attorney's failure to properly explain it rendered his plea of guilty unintelligent and involuntary[.]"

The hearing court took judicial notice of the transcript of the proceedings of April 13, 1987, at which movant entered his plea of guilty. Pertinent to movant's contentions in this appeal the transcript shows:

"The Court: ... First I'll ask you how old you are now.

Mr. Stapp: Thirty-two.

...."

---

1. Rule 27.26 was repealed effective January 1, 1988. Missouri Rules of Court (19th ed. 1988) p. 142. Movant's action continues to be governed by former Rule 27.26, as movant's sentence was pronounced prior to January 1, 1988, and his motion to vacate such sentence was pending prior to January 1, 1988. Rule 24.035(1), Missouri Rules of Criminal Procedure (19th ed. 1988).

The Court: ... I understand your plea of guilty is under this written plea bargain agreement which you signed this morning, is that right?

Mr. Stapp: Yes.

The Court: I've marked this as Court's Exhibit 1. It says that the promises made to you upon which you rely in pleading guilty is that you will receive a sentence of seven years in the Department of Corrections, this sentence to run consecutive to the sentence in Case Number CR581–184FX4 of the Greene County Circuit Court, and all other existing sentences, that probation will be denied, that a separate case, Case Number CR 486–980FX1 will be dismissed, court costs, and a $36.00 civil judgment for the Crime Victims' Compensation Fund will be assessed against you, and that a presentence investigation will be waived. Which means, essentially, that under the plea bargain agreement, if the Court accepts it, then you will receive a sentence of seven years in the Department of Corrections, the burglary tool case will be dismissed, my sentence of seven years will be ordered imposed, with probation denied, to run consecutive to, that is following, all existing sentences.

Is that the way you understand the plea bargain agreement, Mr. Stapp?

Mr. Stapp: Yes, sir.

The Court: Now, you are on parole at the present time?

Mr. Stapp: Yes, sir.

The Court: How many years do you have to do on your existing sentence?

Mr. Stapp: Seven, seven or eight.

The Court: This adds seven, then, to your existing sentences?

Mr. Stapp: Yes.

The Court: How old will you be if you have to serve all of those days?

Mr. Stapp: Forty-seven."

After further colloquy the court accepted movant's plea of guilty and sentenced him in accordance with the plea agreement.

The hearing court found that the dialogue quoted above refuted movant's allegations that he was unable to comprehend the meaning of the term "consecutive" and that he believed he was to be sentenced to a total of only seven years' imprisonment.

To be entitled to an evidentiary hearing on the issue of ineffectiveness of counsel, a prisoner seeking post-conviction relief must plead facts, not conclusions, which if true would warrant relief; those facts must not be refuted by the record; and the matters complained of must have resulted in prejudice to the prisoner. *Boggs v. State*, 742 S.W.2d 591, 594[1] (Mo. App.1987); *Mannon v. State*, 727 S.W.2d 936, 938[1] (Mo.App.1987); *Baker v. State*, 680 S.W.2d 278, 281[3] (Mo.App.1984). Where a plea of guilty has been entered, the adequacy of representation is immaterial unless counsel was so incompetent that the plea was not entered voluntarily and with understanding of the nature of the charge. *Rice v. State*, 585 S.W.2d 488, 493[1] (Mo. banc 1979); *Ashabranner v. State*, 646 S.W.2d 147, 148[1] (Mo.App. 1983).

Our review is limited to a determination of whether the findings, conclusions, and judgment of the hearing court are clearly erroneous. *Futrell v. State*, 667 S.W.2d 404, 405[1] (Mo. banc 1984); former Rule 27.26(j).

Movant's responses to the judge's questions at the time movant entered his plea of guilty conclusively refute movant's averments that (a) he did not understand the meaning of the term "consecutive," and (b) he believed he would be sentenced to a total of only seven years' imprisonment. Movant, age 32 at the time of the plea, informed the judge that he had an existing sentence of seven or eight years to serve, and movant acknowledged he understood the sentence in the instant case would add seven years to the existing sentence. Movant correctly computed he would be 47 years of age if he were required to serve the full terms of both sentences.

It is thus manifest that the finding of the hearing court that the record of the plea of guilty refuted movant's allegation of ignorance of the meaning of "consecutive" and his allegation that he believed he was to be

sentenced to a total of only seven years' imprisonment is not clearly erroneous.

As movant well understood his seven-year sentence in the instant case would be added to the existing eight-year sentence, making a total of 15 years to be served, it is immaterial whether movant's counsel schooled movant on the meaning of the term "consecutive" or tutored movant about the distinction between consecutive and concurrent sentences. The hearing court did not, therefore, err in denying relief without an evidentiary hearing. *Wilson v. State*, 748 S.W.2d 73, 76[5] (Mo.App. 1988).

The order of the hearing court is affirmed.

HOLSTEIN, C.J., and GREENE, J., concur.