William CHARLESTON, Jr., Appellant,

v.

STATE of Missouri, Respondent.

No. 63075.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 31, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 29, 1993.

Deborah B. Wafer, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jennifer A. Glancy, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

We affirm denial of relief from a seven-year sentence on the charge of robbery second degree, a Class B felony defined in § 569.030 RSMo 1986. The motion court rejected claims of ineffective assistance of plea counsel without an evidentiary hearing. Rule 24.035(g).

The two appeal issues are argued in support of a requirement for an evidentiary hearing. Both are contained in the following excerpt from the points on appeal:

(B) THE ALLEGATIONS THAT PLEA COUNSEL [1] TOLD MR. CHARLESTON WHAT TO SAY AT THE PLEA AND [2] MISINFORMED MR. CHARLESTON OF THE RANGE OF PUNISHMENT ARE MATTERS THAT CANNOT BE DETERMINED MERELY BY REFERENCE TO THE PLEA TRANSCRIPT.

Exhibit A attached to movant's motion for relief is the second page of a letter which appointed counsel sent to movant. It contains a statement that movant is facing a minimum sentence of five to a maximum sentence of twenty years, if convicted. The range of punishment is a minimum of five and a maximum of fifteen years. Section 558.011.1(2) RSMo 1986. The letter immediately thereafter described the relationship of counsel with defendant and concludes that whether the case goes to trial or results in a guilty plea "is a choice that is entirely yours." Movant's claim of misinformation is therefore undisputed. Movant's claim that his plea was involuntary because of the misinformation is wholly refuted by the record. The prosecutor began the plea hearing by describing the range of punishment for a Class B felony as five to fifteen years. As part of the plea proceedings, the court directed a question to movant regarding his understanding that the range of punishment for the charge was five to fifteen years in the penitentiary. Movant acknowledged that was his understanding. The finding this misinformation did not cause an involuntary plea is supported by the record, not clearly erroneous. The claim of error is denied. Rule 24.035(j); *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987).

The second argument is that plea counsel told movant what to say at the plea hearing. This allegation was not made in movant's pro se motion. The allegation in counsel's amended motion reads:

Mr. Charleston's answers at the guilty plea proceeding were the result of counsel's coercion. Counsel told movant *he must go along with* questioning *by the judge* or the guilty plea would not be accepted. Movant's answers at the plea proceeding were made only because movant felt he could not go to trial with an unprepared attorney and he felt he had no choice but to plead guilty. (Our emphasis.)

At the plea hearing movant acknowledged he had informed his attorney of everything he knew about the case and he had no complaints with the way his attorney handled the case. There is no issue on appeal regarding preparation by plea counsel. The allegation that counsel coerced movant is conclusory. The advice that "he must go along with questioning by the judge" is not a pleading that counsel told movant to be untruthful. Signif-

icantly, movant did not allege in his pleadings that he was untruthful in any way before the plea court. Nor does movant argue in this appeal that his answers during the plea proceedings were untruthful as a result of any advice of plea counsel. During the plea hearing, the court expressly asked movant if all of his answers were true. He affirmed that they were. One of movant's answers was that on the day charged, with a companion, he approached Janice Hemphill on a parking lot, punched her, took her car keys and drove off with her automobile. These acts were all done without her permission.

The plea record supports the finding of the plea court that the plea was voluntary and that movant was guilty of the charge. It also refutes the claim of ineffective assistance of counsel regarding plea counsel's advice to movant before the plea hearing. Movant was informed that the decision to enter a guilty plea was his and his alone. He confirmed that his guilty plea was in response to a negotiated agreement that the state would recommend a seven-year sentence, concurrent to the ten years he was serving on an unrelated burglary first degree charge. The court honored the agreement. The record supports the finding of the motion court that the plea was not coerced by counsel, particularly where there is no allegation movant's answers were untruthful. No evidentiary hearing is required on this issue. Rule 24.035(g); *Stapp v. State*, 763 S.W.2d 364, 366–367 (Mo.App.1989).

The order dismissing movant's pro se and amended Rule 24.035 motion without an evidentiary hearing is affirmed.

CRANE, P.J., and CRAHAN, J., concur.