Lawrence GILLIAM, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 19653.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 19, 1994.

Craig A. Johnston, Office of the State Public Defender, Columbia, for movant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Becky Owenson Kilpatrick, Asst. Atty. Gen., Jefferson City, for respondent.

GARRISON, Presiding Judge.

This appeal is from the motion court's denial of Appellant's request for relief pursuant to Rule 24.035.[1] He was charged with the class B felony of burglary in the first degree, § 569.160, RSMo 1986. On the morning of trial, the State was permitted to file a Second Amended Information to include the charge that Appellant was a prior and persistent offender. Appellant pleaded guilty to the amended charge and received a sentence of ten years. Thereafter, he filed a pro se motion pursuant to Rule 24.035 to set aside his conviction and sentence alleging that as the result of the ineffective assistance of counsel his guilty plea was involuntarily, unknowingly and unintelligently entered. Appointed counsel thereafter filed an amended Rule 24.035 motion. Following an evidentiary hearing, the motion court denied relief under the motions, finding that the allegation that Appellant was not adequately advised of the effect of his plea of guilty was refuted by the record and that his plea was "knowing, intelligent, voluntary, and prompted by the fact that he was guilty, and not from any improper consideration." We affirm.

Appellant's sole point relied on alleges that the motion court was clearly erroneous in denying his Rule 24.035 motions because he was denied effective assistance of counsel and his guilty plea was not freely, understandingly and voluntarily given in that his attorney had incorrectly advised him concerning the maximum possible punishment to which he was exposed. He contends that if he had known the correct range of punishment prior to his announcement that he

---

1. All references to rules are to Missouri Rules of    Court, V.A.M.R.

wished to plead guilty he would not have done so.

As pointed out by the State, there is a question concerning whether this issue was sufficiently raised by Appellant in the motion court. His amended motion stated, in pertinent part:

Trial counsel failed to adequately advise movant of the effect of his plea of guilty so that movant could enter a plea of guilty in a knowing, intelligent and voluntary manner. Movant was prejudiced because he did not fully understand the consequences of a plea of guilty. Had trial counsel fully and adequately explained the consequences of such a plea, there is a reasonable probability that the results . . . would have been different.

Assuming, without deciding, that this allegation sufficiently raised the issue presented on this appeal, we nevertheless have concluded that the record does not support Appellant's contention.

Appellate review of the motion court's action on a Rule 24.035 motion is limited to a determination of whether the findings of fact and conclusions of law are clearly erroneous. Rule 24.035(j); *Trehan v. State,* 872 S.W.2d 156, 158 (Mo.App.S.D. 1994). The court's findings, conclusions and order are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Id.* After a plea of guilty, the effectiveness of counsel is immaterial except to the extent that it impinges on the voluntariness and knowledge with which the plea of guilty was made. *Hagan v. State,* 836 S.W.2d 459, 463 (Mo. banc 1992).

Appellant's guilty plea was entered pursuant to a plea bargain in which the State agreed to recommend a ten-year sentence. During the plea hearing, the court asked Appellant if he understood the range of punishment, to which he answered, "No." Defense counsel then informed the court that he had explained to Appellant that the range of punishment was "from five years to life imprisonment or thirty years." The prosecuting attorney immediately corrected defense counsel, stating: "No, that's not correct. It's

five to thirty. Thirty is the most." The same range of punishment was then reiterated by the court. Immediately thereafter, the court inquired of Appellant if he understood the range of punishment, to which he answered, "Yes." The court also inquired of Appellant if he wished to continue with his plea of guilty, to which he answered, "Yes, sir."

Following his guilty plea and sentencing, the trial court conducted a hearing as required by Rule 29.07(b)(4) to advise him of his rights pursuant to Rule 24.035 and to determine whether probable cause existed to believe that he had received ineffective assistance of counsel. At that time, Appellant acknowledged that he had sufficient time to discuss the case with his attorney and that his attorney did the things he asked him to do prior to entering the plea. He also testified that the sentence imposed was the result of a plea bargain with the State and was the sentence which he expected under that agreement.

Appellant also received an evidentiary hearing on his Rule 24.035 motions. The evidence presented at that hearing also refutes his claim. While Appellant testified that if he had known that the range of punishment did not include life he would not have pled guilty, he also admitted that the court, at the plea hearing, informed him that the range of punishment was five to thirty years. Appellant also acknowledged that he told the truth when he informed the court that he understood the range of punishment and thereafter that he wanted to continue with the guilty plea. He also testified that he honestly told the trial court that he had no complaints about his attorney's representation.

In *Charleston v. State,* 861 S.W.2d 177 (Mo.App.E.D.1993), defendant alleged in his Rule 24.035 motion that his attorney had misinformed him about the range of punishment. While a letter from his counsel contained an incorrect recital of the range of punishment, the correct range was recited by the prosecutor at the plea hearing, after which Defendant informed the trial court that he understood the correct range of punishment. The appellate court concluded that

"[t]he finding this misinformation did not cause an involuntary plea is supported by the record, not clearly erroneous." *Id.* at 178. We find the same to be true in the instant case.

The judgment of the motion court is affirmed.

PREWITT and CROW, JJ., concur.