STATE OF NEBRASKA, APPELLEE, v. LEONARD RAY ANDERSON, APPELLANT.

227 N. W. 2d 857

Filed April 10, 1975. No. 39631.

Frank B. Morrison, Sr., and Stanley A. Krieger, for appellant.

Paul L. Douglas, Attorney General, and Gary B. Schneider, for appellee.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, and NEWTON, JJ., and STUART, District Judge.

WHITE, C. J.

In this criminal prosecution for forcible rape and use of a firearm in the commission of a felony, the District Court, at the conclusion of final arguments, submitted

the case on both counts to the jury. After deliberation, the jury returned, stating it had reached a verdict. The court found, after the verdict form was delivered to him, that it was unsatisfactory and sent it back for further deliberations. The court suggested to counsel a mistrial and stated that the verdict form he received was not a "verdict." A motion for a mistrial was made which the court sustained and set a new trial for the following Monday. The jury was recalled to the courtroom and in its presence, the court declared a mistrial, dismissed the jury, and excused the jurors from further service during the balance of the term. The record of the pertinent proceedings is as follows:

"MR. CRIPE. * * * Your Honor, I am going to move for a mistrial.

"THE COURT: I will sustain your motion. We will start this case again, beginning Monday morning, Counselors.

"MR. COOPER: Well—

"THE COURT: Monday morning.

"MR. COOPER: Well, I want to move to endorse three other witnesses on the Information.

"THE COURT: All right. You can do that as soon as we get through here. Please call back the jury. (WHEREUPON, the Jury returned to the Courtroom at 4:45 o'clock, P. M.).

"THE COURT: Please be seated. Ladies and Gentlemen, I have declared a mistrial in this case. This means, that your services will be no longer needed. You are excused for the balance of the term. And, I want to thank you for your services as jurors. I can't understand how you could possibly make a mistake in those Instructions. Before you could find him guilty of using a firearm in the commission of a rape, you had to find him guilty of a rape. The Instructions say that, if you read them. They were right in there. Now, under those circumstances, I can't accept the verdict as you offered it. It is not a verdict. And, it would be unfair

to send you back to—now and deliberate again, after you have been at it over twenty-four hours, and you rendered a partial verdict. I think the motion for a mistrial made by the Defendant, is also agreed to by the Court, is a good motion. I am sorry that we didn't arrive at a verdict but I am happy for your services. You are excused. Anybody that wants to talk to the Jury, can. Let the record show, that they gave me back the verdict. And, they found him guilty of rape. But, it is too late as far as I am concerned."

On the following Monday morning, a new jury was empaneled. Before being sworn, defense counsel presented several motions, not pertinent here, and after overruling the motions, the court ordered the trial to proceed. At this time, responding to the State's suggestion, the court set aside its previous findings, found the defendant guilty of both counts, and sentenced the defendant on both counts in subsequent proceedings. The defendant asserts that the purported reinstatement and acceptance of the verdict after the declaration of a mistrial and discharge of the jury is void. We reverse and remand the cause for a new trial.

The sequence of events heretofore recited is so rare we have been unable to find any applicable authority. However, there never was a jury verdict. The court failed to accept it and expressly rejected it. In granting a mistrial (new trial) and setting its date, and in discharging the jury, the court made it irreversibly final that the jury could never return a legal verdict, and that none could be accepted. The court's order not only terminated the proceedings prior to the acceptance of a verdict, but, in discharging and dismissing the jury, made corrective action by further deliberation impossible. It is, of course fundamental, that a court's final judgment of guilt must be based on a valid jury verdict. A jury's action cannot become a verdict until it is finally rendered in open court and received and accepted by the trial judge. State v. Robinson, 84 Wash. 2d 42,

523 P. 2d 192 (1973); Magee v. Superior Court for County of Santa Clara, 34 Cal. App. 3d 201, 109 Cal. Rptr. 758 (1973); State v. Talbert, 282 N. C. 718, 194 S. E. 2d 822 (1973); 8 Wigmore on Evidence (1961), § 2350 (a), § 2356. See, also, Longfellow v. State, 10 Neb. 105, 4 N. W. 420 (1880). Other alleged errors, including the failure to furnish the defendant an opportunity to poll the jury, need not be discussed.

The judgment of the District Court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED WITH DIRECTIONS.