Johnny A. HURD, Movant,

v.

STATE of Missouri, Respondent.

No. 44567.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 4, 1982.

Brassil, Rohlfing & McDonald, James L. Rohlfing, St. Louis, for movant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

Movant appeals from the denial of his 27.26 motion without an evidentiary hearing. On December 11, 1975, movant was convicted of second degree murder and sentenced to thirty five years in the Department of Corrections. This court affirmed his conviction in *State v. Hurd,* 550 S.W.2d 804 (Mo. App. 1977).

In 1981, movant filed this 27.26 motion, which was amended after the appointment of counsel to allege seven grounds for vacating his sentence. The trial court filed findings of fact and conclusions of law and denied the motion.

On appeal, movant asserts that one of the grounds alleged in the amended motion entitled him to an evidentiary hearing. In that ground, he alleges that he was denied effective assistance of counsel because his trial attorney should have impeached one of the state's witnesses, Widell Parrott, with his prior inconsistent grand jury testimony.[1] We affirm.

At trial, Widell Parrott and another witness identified movant as having participated in the robbery and murder of a retired St. Louis police officer. Movant assisted another man in grabbing the victim, throwing him to the ground and ripping off his back pocket. The other man then shot the victim who died thirty days later as a result of his wounds.

■ Appellate review of the denial of a Rule 27.26 motion is limited to a determination of whether the findings, conclusions and judgment are clearly erroneous. Rule 27.26(j). To be entitled to an evidentiary hearing, movant must allege facts not refuted by the record which, if true, entitle movant to relief. *Kearns v. State,* 583 S.W.2d 748, 750 (Mo. App. 1979).

■ Movant alleges he was denied effective assistance of counsel. The overall standard to be applied in measuring counsel's

---

1. Although movant alleges in a cursory fashion that his attorney failed to properly investigate in this regard, the record reveals two discovery motions, filed pursuant to Supreme Court Rule 25.32 for "those portions of any existing transcript of grand jury proceedings . . . containing . . . testimony of persons whom the State intends to call as witnesses at a . . . trial." There is no allegation that counsel was unaware of the grand jury testimony, nor of the specific regard in which he was deficient in investigating the case.

efforts is whether they resulted in a substantial deprivation of movant's right to a fair trial. To prevail, he must establish: the failure of counsel to perform some duty, and secondly, that this failure actually prejudiced the defense. *Haynes v. State,* 534 S.W.2d 552, 554 (Mo. App. 1976).

 We find no merit to movant's claim for two reasons. First, the question of impeachment of a witness is a matter of trial technique and strategy and cannot be the basis of a breach of any duty towards movant. *Jackson v. State,* 540 S.W.2d 616, 617 (Mo. App. 1976); *Haynes v. State,* 534 S.W.2d 552, 556 (Mo. App. 1976). Second, we agree with the trial court's analysis that the alleged inconsistencies are "minor" and movant was not prejudiced. We cannot state that the judgment of the trial court is clearly erroneous.

Affirmed.

SNYDER and CRIST, JJ., concur.