STATE of Missouri,
Plaintiff-Respondent,

v.

Mack PERRY, Respondent-Appellant.

No. 44413.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 12, 1982.

Motion for Rehearing and/or Transfer
Denied Nov. 19, 1982.

Application to Transfer Denied
Jan. 17, 1983.

Joseph W. Downey, Public Defender, Erica Leisenring, Asst. Public Defender, St. Louis, for respondent-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

REINHARD, Judge.

A jury found defendant guilty of two counts of assault in the first degree and one count of burglary in the first degree. The court found defendant to be a persistent offender, and it sentenced him to a term of 15 years' imprisonment on the burglary charge, a concurrent 15-year term on one charge of assault, and a consecutive 20-year term on the second assault charge. Defendant appeals. We affirm.

Defendant raises three points on appeal. He contends that the trial court erred by permitting him to be retried on the assault charges because defendant had already been acquitted of those charges. He also contends the trial court erred in submitting an instruction regarding assault as a class A felony because there was not sufficient evidence to support a finding that defendant assaulted Marjorie Kendall by means of a deadly weapon or a dangerous instrument. Finally, defendant contends the trial court erred in overruling his objections to the introduction of evidence about the medical treatment of victim Margaret Wetsel and about the cause of her death several months after the assault.

In August of 1980, defendant was charged by indictment with one count of burglary in the first degree, one count of assault in the first degree, and a count in the alternative of assault in the first degree or felony murder. His first trial commenced on January 27, 1981. The jury retired on Friday, January 29, and, after several hours of deliberations, the jury foreman notified the judge that the jury could not reach a verdict. The court recalled the jury into the courtroom and delivered the "hammer" instruction, MAI–CR2d 1.10. The jury informed the judge a few hours later that they were still unable to reach a verdict. The judge recalled the jurors into the courtroom and inquired of them whether additional time would aid them in reaching a verdict. None responded in the affirmative. The court declared a mistrial and discharged the jury.

The following morning the judge discovered that the verdict forms for acquittal on the first degree assault charge and the alternative assault or felony murder charge had been signed by the jury foreman. The judge notified the parties, and on February 2, 1981, defendant moved for acquittal on the charge of assault and the charge of assault or felony murder. On February 4, 1981, defendant filed a motion for an evidentiary hearing to set aside the court's declaration of a mistrial and submitted in support an affidavit by the jury foreman. In the alternative, defendant moved to reconvene the jury. The foreman's affidavit stated that the jurors had unanimously agreed to acquit on the two charges, but, believing they could not return a "partial verdict," had declared themselves dead-

locked. The judge denied defendant's motion for an evidentiary hearing or to reconvene the jury stating that, because the attorneys had spoken with some of the jurors after the mistrial had been declared, there was a good chance the impartiality of the jurors had been compromised. The trial court denied the motion to set aside the mistrial because the signed verdict forms did not constitute final verdicts because they were not rendered in open court and none of the parties had the opportunity to poll the jurors. The court stayed its decision for seven days, and defendant sought a writ of mandamus in this court. We denied defendant's petition.

At the beginning of defendant's second trial, his counsel moved to dismiss the assault charges on double jeopardy grounds, and the trial court overruled that motion. At the second trial, the state produced evidence of the following facts.

At approximately 4:30 a.m. on February 6, 1980, Margaret Kendall, visiting in the home of her 80-year-old aunt, Margaret Wetsel, was awakened by a voice outside her bedroom door. She asked if it was Aunt Margaret, the voice replied "yes," and Ms. Kendall opened the door. When she opened the door she saw a large black man, approximately six feet tall and weighing 200 pounds, holding a machete. He immediately punched her in the face with his fist, knocking her down. The assailant knocked Ms. Kendall down approximately 15 times and kicked her at least once. He also grabbed her head under his arm and twisted her head roughly. When Ms. Kendall freed herself from his grasp, the assailant ran from the bedroom, but he returned and beat her again, hitting her in the face and knocking her down. He then ran from the house. Ms. Kendall looked out in the hall in the direction the assailant had run and saw her 80-year old aunt lying unconscious with a cut on her head. When Mrs. Wetsel regained consciousness, she said, "Oh my God, he hit me." Ms. Kendall discovered a deep cut on her own arm which required stitches. Mrs. Wetsel died on June 10, 1980, as the result of myocardial failure. The medical examiner testified, over defendant's objection, that the large subdural hematoma he found in Mrs. Wetsel's skull had contributed to her death. The doctor who had treated Mrs. Wetsel for the hematoma concluded the hematoma could have been caused by a blow to the head in February of 1980. Further, he testified regarding the seriousness of the injury and the surgery and other treatments made necessary by the injury. From an array of seven photographs, Ms. Kendall selected one of defendant as a photograph of the man who had assaulted her. She later picked defendant out of a line-up, and she identified him in court as the man who had assaulted her. The defense presented no evidence.

At his second trial, defendant was charged with first degree burglary, first degree assault on Mrs. Wetsel, and first degree assault on Ms. Kendall. In regard to the assault on Ms. Kendall, the court submitted that portion of MAI–CR2d 19.02 that directs the jurors to find the defendant guilty of a class A felony if they find the defendant committed the assault by means of a deadly weapon or a dangerous instrument.

The jury found defendant guilty of each of the three charges and assessed punishments of eight years for the burglary, 11 years for the assault on Mrs. Wetsel, and 15 years for the assault on Ms. Kendall. After determining the defendant to be a persistent offender, the court sentenced him to a term of 20 years for the assault on Ms. Kendall, to a consecutive term of 15 years for the assault on Mrs. Wetsel, and to a concurrent term of 15 years for the burglary.

In his first point, defendant contends that the trial court erred by permitting him to be tried a second time on the assault charges because the jury in the first trial had executed verdicts of not guilty on those charges. He argues that the mistrial was not a legal necessity because the judge in the first trial could have accepted the affidavit of the jury foreman or could have recalled the jurors to ascertain their true intent. Therefore, defendant argues, the

second trial on the assault charges subjected him to double jeopardy. We rule this point against defendant.

■ The defendant does not suggest that the trial court erred in declaring a mistrial when the jury foreman announced and the jurors agreed that they were hopelessly deadlocked and that more time would not help them reach a verdict. The judge has broad discretion in determining whether a mistrial is necessary. It is well settled that neither the state nor the federal constitution bars a defendant's retrial after a mistrial resulting from a jury deadlock unless the trial judge abused his discretion in declaring the mistrial. *Arizona v. Washington,* 434 U.S. 497, 509–10, 98 S.Ct. 824, 832, 54 L.Ed.2d 717 (1978); *State v. Holt,* 592 S.W.2d 759, 771–72 (Mo. banc 1980); *Durham v. State,* 538 S.W.2d 881, 883 (Mo. App.1975). It is clear the court's original declaration of a mistrial was not an abuse of discretion. The issue here is whether the court abused its discretion in refusing to set aside the mistrial after the verdict forms were discovered and in refusing to conduct a hearing or reconvene the jury.

"[T]he verdict is the definitive answer given by the jury to the court concerning matters of fact committed to the jury for their deliberation and determination. 23 C.J.S. Criminal Law, § 1393, p. 1072." *State v. Pruitt,* 169 S.W.2d 399, 400 (Mo. 1943). "It is the *final* decision of the jury." *State ex rel. Vogel v. Campbell,* 505 S.W.2d 54, 57 (Mo. banc 1974). Missouri Supreme Court Rule 29.01 provides that a verdict shall be unanimous, shall be in writing and signed by the jury foreman, and shall be returned in open court. *See* § 546.390, RSMo.1978. The rule further provides that, at the request of either party or upon motion of the judge, the jury shall be polled. If the jurors are not in unanimous agreement, they may be directed to retire for further deliberations or they may be discharged. The purpose of requiring the poll of the jurors is to insure that the verdict announced by the foreman is the verdict of the other 11 jurors as well.

■ In this case, the jurors may have agreed unanimously at some point in their deliberations to acquit defendant of the assault charges. However, they never had reason to regard that agreement as their final determination of those charges. There was no way for the trial judge to know when the forms were signed or whether the jurors were still in agreement when they reported to the judge that they were deadlocked. The foreman did not return the verdict forms in open court, and neither the judge nor the parties had the opportunity to poll the jurors to insure that all 12 assented to verdicts of acquittal. Therefore, the signed verdict forms, as defendant concedes, did not constitute final verdicts.

Further, an affidavit from the foreman and testimony from the jurors could not convert those signed verdict forms into final verdicts. Courts have occasionally accepted affidavits or testimony from jurors to explain ambiguities in the verdicts. *Jordan v. St. Joseph Ry., Light, Heat & Power Co.,* 335 Mo. 319, 73 S.W.2d 205 (1934); *Stith v. J.J. Newberry Co.,* 336 Mo. 467, 79 S.W.2d 447 (1934). However, such affidavits or testimony cannot be used to create a verdict after the jurors have informed the court they were deadlocked. Faced with a situation similar to the one here, a California appeals court held that the trial court could not consider a jury foreman's affidavit stating that the jury had agreed to acquit the defendant on one of the charges. In *Magee v. Superior Court for the County of Santa Clara,* 34 Cal.App.3d 201, 218, 109 Cal.Rptr. 758, 768 (1973), the court stated:

If jurors, by affidavits or testimony, could impeach their action in stating to the court that they could not reach a verdict, similar reasoning would permit them to impeach their verdict if rendered. A verdict is not a verdict unless rendered in open court and until such event occurs even though the jury might in its deliberations have come to a tentative view on what verdict it might bring, until it has ended its deliberations and stated its position in court, there is plenty of opportunity for the jury to change its view.

The court found jeopardy did not attach in the defendant's first trial. *See also: State ex rel. Vogel v. Campbell,* 505 S.W.2d 54; *State v. Anderson,* 193 Neb. 467, 227 N.W.2d 857 (1975); *Oliver v. Justices of New York Supreme Court,* 36 N.Y.2d 53, 324 N.E.2d 348, 364 N.Y.S.2d 874 (1974).

Finally, the court correctly refused to consider the affidavit of the foreman or the testimony of the other jurors because the jurors had been separated. Under § 546.-240, RSMo.1978, jurors may not be separated during their deliberations in felony cases nor may they be permitted during deliberations to communicate with anyone outside the jury. Any significant separation of jurors after the case has been submitted to them requires the court to declare a mistrial. *State v. Bayless,* 362 Mo. 109, 240 S.W.2d 114, 123 (1951). The mere possibility that improper influence has been exerted upon the jurors requires a mistrial even if it can be shown that such influence was not exerted. *State v. Dodson,* 338 Mo. 846, 92 S.W.2d 614, 615 (Mo.1936). In this case the jurors were separated for several days after their discharge, and during that time some of them spoke with both the prosecuting and defense attorneys. The court correctly concluded that it could not consider their testimony regarding the verdict forms because "contamination" of their impartiality may well have occurred.

We find that the trial court did not abuse its discretion in denying defendant's motions to set aside the mistrial. In view of all the circumstances, the mistrial was, at the time declared and at the time of defendant's motions, a necessity. Therefore, jeopardy did not attach at defendant's first trial, and his retrial on the assault charges did not place him in double jeopardy.

 In the second point, defendant alleges that the trial court erred in submitting that portion of MAI–CR2d 19.02 that directs the jurors to find the defendant guilty of a class A felony if they find and believe that he committed the assault by means of a deadly weapon or a dangerous instrument. We rule this point against defendant.

Defendant contends that the evidence was not sufficient to support the giving of that instruction. In determining whether there is sufficient evidence to support a criminal conviction we accept as true all the evidence favorable to the state and all favorable inferences that may be drawn reasonably from that evidence. We disregard the evidence and inferences to the contrary. *State v. Longmeyer,* 566 S.W.2d 496, 499 (Mo.App.1978). Ms. Kendall testified that defendant had a machete when she opened the door and saw him. Further there was evidence that the victim received a deep cut on her arm that required stitches to close. That evidence is sufficient to support the submission of the challenged instruction. The defendant's second point is without merit.

In his third point, defendant alleges that the trial court erred in overruling defendant's objections to the admission of evidence regarding the medical condition and treatment of victim Mrs. Wetsel in the months following the assault and regarding the cause of her death. We rule this point as well against defendant.

 Defendant initially contends that the challenged evidence is not relevant to any of the issues in this case. That contention is clearly without merit. Defendant was charged with assault in the first degree on Mrs. Wetsel. An element of that offense is the causation of serious physical injury. § 565.050.1(3), RSMo.1978. The term serious physical injury includes injury that creates a significant risk of death. *State v. Teal,* 624 S.W.2d 122, 124 (Mo.App. 1981). Evidence regarding the injury, the treatment required for the injury, and the role of that injury in the victim's eventual death is obviously relevant to an issue in the case. It is the rule in Missouri that evidence of the extent of the victim's injuries is admissible to show the nature and character of the assault. *State v. Williams,* 532 S.W.2d 826, 828 (Mo.App.1975). Defendant further contends, however, that even if relevant the challenged evidence should have been excluded because its prejudicial effect outweighed its usefulness.

Admission of evidence complained of as prejudicial is within the sound discretion of the trial judge. *State v. Berry*, 609 S.W.2d 948, 954 (Mo. banc 1980). We find no abuse of discretion.

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.