**Raymond Dale NEAL,
Movant-Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 14220.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 13, 1986.

Raymond Dale Neal, pro se.

John Ashcroft, Atty. Gen., Dan Crowford, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Chief Judge.

Appellant was convicted of selling marijuana, which conviction was affirmed on appeal. See *State v. Neal*, 624 S.W.2d 182 (Mo.App.1981). He then filed a motion under Rule 27.26, seeking to vacate the conviction. Following an evidentiary hearing the trial court denied the motion. On appeal all of appellant's points except point IV were denied. It was determined that to rule on that point two additional findings were required. The case was then remanded to the trial court for that purpose. See *Neal v. State*, 669 S.W.2d 254 (Mo.App. 1984).

In point IV, appellant asserted that he was denied effective assistance of counsel at his criminal trial because R___, his trial counsel, had interests conflicting with appellant's as the attorney "was being investigated for dealing in drugs, implicated by the very witness that was testifying against the appellant, and as such counsel did less than he could" in several particulars. The witness was Miles Copher. On remand the trial court was to find:

1. Did R___, either alone or jointly with others, purchase cocaine from Copher in 1979, as related by Copher in his statement of February 15, 1980, and in his testimony at the 27.26 hearing?

2. If the finding on issue 1 is no, did R___ know, prior to Neal's trial, that Copher had said in his statement of February 15, 1980, that he (Copher) had sold cocaine to R___ in 1979?

Following remand the trial court heard additional evidence. It then entered an order finding:

3. That R___, did not, either alone or jointly with others, purchase cocaine from Copher in 1979, as related by Copher in his statement of February 15, 1980 and in his testimony at the 27.26 hearing.

4. That R___ did not know, prior to Neal's trial, that Copher had said in his statement of February 5, [sic] 1980, that he (Copher) had sold cocaine to R___ in 1979.

Appellant relies heavily upon *Government of Virgin Islands v. Zepp*, 748 F.2d 125 (3d Cir.1984). That case does not aid appellant. In *Zepp* the conflict was apparent and established; here it was not. Had the trial court made an affirmative finding to either question on remand, then such a conflict as appellant claims might have existed. See *State v. Chandler*, 698 S.W.2d 844 (Mo. banc 1985). However, unless it can be said that the trial court's findings were "clearly erroneous", see Rule 27.26(j), no actual conflict was shown and prejudice to appellant cannot be presumed. See *Chandler*, supra, 698 S.W.2d at 849.

The trial court's findings were supported by substantial evidence. The attorney denied that he had purchased cocaine from Copher or knew prior to appellant's trial that Copher claimed to have sold cocaine to him. There was contrary evidence, but the credibility of the witnesses was for the trial court to determine. *Howard v. State*, 698 S.W.2d 23, 25 (Mo.App.1985). We cannot say the trial court's findings were clearly erroneous.

We next discuss whether, apart from the alleged conflict, the record reveals that appellant's counsel was ineffective. Appellant contends that his trial attorney failed to call material witnesses, "exposed the appellant and his prior felonies before the jury," failed to properly impeach Copher with "Grand Jury minutes, and depositions", failed to offer the Grand Jury minutes and depositions into evidence apparently for impeachment of Copher, allowed

"appellant to get a heavy sentence and the others received minimum sentences," and failed "to properly object and ask for mistrial when it was exposed to the panel of jurors that a burglary was involved".

 To establish ineffective assistance of counsel appellant must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Howard v. State,* supra, 698 S.W.2d at 25. The record reveals no significant errors of appellant's counsel nor does it show that there is a reasonable probability that the result would have been different if the attorney had proceeded as appellant asserts was professionally required.

■ Deciding which witnesses to call is a matter of trial strategy which generally does not provide an adequate basis for an attack on the competency of counsel. *Hulsey v. State,* 631 S.W.2d 368, 370 (Mo.App. 1982).

Appellant was aware that his prior convictions would be revealed if he testified, but he elected to testify. Even if it had been his attorney's decision, it was a matter of trial strategy and here not a foundation for finding ineffective assistance of counsel. See *Radford v. State,* 663 S.W.2d 309 (Mo.App.1983).

Appellant's contention that his attorney inadequately impeached Miles Copher is not borne out by the record. Moreover, the question of impeachment of a witness is a matter of trial technique and strategy, not usually the basis of a breach of any duty toward the client. See *Hurd v. State,* 637 S.W.2d 809, 811 (Mo.App.1982).

■ While others in similar or related matters may have received a lesser sentence because of plea bargaining, if the sentence was within the statutory range, it is not a matter to be considered on a 27.26 motion. *Perryman v. State,* 506 S.W.2d 480, 482 (Mo.App.1974). See also *Jolliff v. State,* 665 S.W.2d 66 (Mo.App.1984).

Counsel's failure to ask for a mistrial because of a comment of a member of the jury panel during their voir dire was unlikely to have been successful and to have changed the result of the trial. Furthermore, assessment of the jury panel is a matter of trial strategy which ordinarily waives a defendant's right to raise a contention regarding the panel in a postconviction hearing. *McGrath v. State,* 671 S.W.2d 420, 422 (Mo.App.1984).

■ Appellant has briefed contentions which were not included in the initial brief he filed when he appealed the denial of his 27.26 motion. As those contentions do not directly relate to point IV, they are not properly before us and we do not consider them. Nor do we reconsider his contentions regarding issues previously decided. See *Brooks v. Kunz,* 637 S.W.2d 135, 138 (Mo.App.1982).

Point IV is denied. The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.