**Darnell MOTON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 50565.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 22, 1986.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 10, 1986.

Application to Transfer Denied
Oct. 14, 1986.

Dave Hemingway, St. Louis, for appellant.

Carrie Francke, Asst. Atty. Gen., Jefferson City, for respondent.

SMITH, Judge.

Movant appeals from an order of the trial court denying his motion for post conviction relief pursuant to Rule 27.26. His motion was based upon ineffective assistance of counsel. We affirm.

Moton was convicted of robbery, kidnapping and armed criminal action. In his 27.26 motion he alleged fifteen grounds for vacating the judgment. On appeal he relies on three grounds. Two involve the alleged failure of counsel to investigate and produce at trial alibi witnesses. The first of these witnesses is his girl friend with whom he purportedly was in bed at the time of the crimes. In his pro se 27.26 motion she was identified as: "Girlfriend (name unknown at this time by author of this petition), she is confined in a federal prison." Movant's counsel at the original trial was Leslie Edwards. She testified that Moton supplied to her the name Carolyn Burns as the girlfriend witness who could establish alibi. The location of the witness was stated to be a jail in East St. Louis. Ms. Edwards attempted to locate her at the St. Clair County Jail but was unsuccessful. On the day of trial counsel was advised Burns was in jail in East Alton, Illinois. She was again unsuccessful in locating her. Ms. Edwards was aware that Carolyn Burns was sometimes known as "Star." Carolyn Burns testified at the hearing. She advised that she is also known as Carolyn Moore, Carolyn Sampson, Yvonne Johnson and Star. Had Ms. Edwards looked for her under the name Yvonne Johnson she would have found her either at the St. Louis Workhouse or the East Alton jail. The name Yvonne Johnson was provided to Ms. Edwards but she was

not aware Johnson and Burns were the same person and Burns was identified to her as movant's girlfriend. Her attempts to locate Yvonne Johnson at the address given her were unsuccessful.

The police report reflected that Burns had stated she did not know where movant was at the time of the crime. Burns denied making such a statement, but did not go to the authorities after movant's arrest to establish his alibi. Burns indicated that "most" of her convictions are for misdemeanors and would not exceed five or six plus a carrying a concealed weapons conviction and "passing and distributing." She testified that movant was in bed with her at the time of the crimes.

Movant also claims counsel failed to investigate and produce an Annette Landers and Ms. Burns' children. None of those witnesses testified at the hearing. Ms. Edwards twice attempted to locate Ms. Landers at the address given to her—a liquor store where a Mr. Tolliver knew her. A phone number of Lander's mother, supplied to her, had been disconnected. She was unable to find the witness. Ms. Edwards believed the children were below an age where their testimony would be admissible or credible and she was never able to locate them from the information and address supplied to her by movant. Ms. Burns testified the children were teenagers at the time of the crime. The record does not establish that any of these witnesses could in fact have supported movant's alibi claim.

■ Movant also contends that Ms. Edwards was ineffective in bringing out his prior robbery convictions during voir dire of the jury. Counsel testified that from her dealings and conversations with movant she was virtually certain that he intended to testify and she conducted the challenged voir dire to remove as much of the poison from the convictions as possible.

The trial court found that Ms. Edwards made diligent efforts to locate the witnesses "under the circumstances and facts known to her." It also found that her decision on voir dire was trial strategy based upon movant's statements to her

about testifying. We find these findings supported by the record.

■ In reviewing charges of ineffective assistance of counsel, judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) [11]. Movant bears the burden of establishing that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Id.*, *Seales v. State*, 580 S.W.2d 733 (Mo. banc 1979) [3]. Our review of the trial court's order is limited to a determination of whether the findings, conclusions and judgment are "clearly erroneous." Rule 27.-26(j). On the record before us we cannot make such a finding.

Judgment affirmed.

CARL R. GAERTNER, P.J., and SNYDER, C.J., concur.