STATE of Missouri,
Plaintiff–Respondent,

v.

Curtis C. OVERSHON,
Defendant–Appellant.

No. 14963.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 11, 1987.

Lindell P. Dunivan, Public Defender Com'n, Farmington, for defendant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

HOGAN, Judge.

A jury has found defendant Curtis C. Overshon guilty of sodomy, as defined and denounced by § 566.060.2, RSMo Supp. 1984, and has assessed his punishment at imprisonment for a term of fifteen (15) years. The defendant appeals. We affirm.

T_____ M_____, a female child, was 10 years of age at trial time. T_____ testified that she spent Christmas Eve 1984 at her mother's house at Lecoma, Missouri. The defendant, his parents, and T_____'s mother were also present. T_____'s mother invited the defendant's parents—to whom the prosecutrix referred as her grandpa and grandma—to the Christmas Eve celebration, and presents were opened. The grandparents lived at Rolla, and had no automobile. T_____'s mother undertook to return her guests to their home.

While T_____'s mother was gone, the following episode occurred. We quote the prosecutrix:

"Q. Okay. Did anything unusual happen while your mom was gone?

A. Yes.

Q. What happened while your mom was gone?

A. Curt made me suck his penis.

Q. Okay. Now, by saying that, do you know what boys go out—what they urinate or go pee out of?

A. Yes.

Q. What do you call that?

A. Penis.

Q. Okay. What part of your body did Curt have you touch to his? What part of your body did you touch Curt with?

A. My mouth.

Q. Okay. And did you do this because you wanted to do this?

A. No.

Q. Did Curt say anything to you about doing this?

A. Yes.

Q. What did he tell you?

A. He said if I don't do it, he'll spank me.

Q. Okay. Did he tell you anything else about doing it?

A. Then he said if you tell anybody, he'll [sic] spank me."

Manifestly the testimony of the prosecutrix, if accepted, is sufficient to establish the defendant's guilt, and the defendant does not directly challenge the sufficiency of the evidence to support the judgment of conviction. He does, however, indirectly maintain that his motion for new trial or judgment of acquittal should have been sustained because the prosecutrix was not a competent witness. In this connection, counsel calls our attention to the fact that before the trial, the prosecutrix recanted on one occasion and the recantation was reduced to writing. Upon trial, the prosecutrix testified that she recanted at her mother's instance.

Arguing that the prosecutrix was not a competent witness, the defendant calls our attention to former § 491.060, RSMo 1978,[1] and cites *State v. Grady*, 649 S.W.2d 240, 243 (Mo.App.1983), wherein the court noted that a child under 10 could be a competent witness if he showed: (1) present understanding of, or intelligence to understand, on instruction, an obligation to speak the truth; (2) mental capacity to observe and register the occurrence at the time; (3) sufficient memory to retain independent recollection of his observations, and (4) capacity to articulate that memory. The State assures us that present § 491.060(2), RSMo 1986, should be applied retrospectively and that in any event it is clear the prosecutrix was a competent witness.

We find it unnecessary to determine whether present § 491.060(2) is a

**1.** Which in material part read: "The following persons shall be incompetent to testify: ... (2) A child under ten years of age, who appears incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly...."

"procedural" statute, to be applied retrospectively. It is sufficient to note that the prosecutrix was 10 years of age at the time she testified, and the presumptive incompetency created by former § 491.060 was therefore not wholly applicable to her. *Hildreth v. Key*, 341 S.W.2d 601, 609 (Mo.App.1960). And, as this court held in that case, the defendant is in no position to complain that the trial court should have conducted a preliminary examination out of the presence of the jury to determine the prosecutrix's competency, inasmuch as he interposed no objection to the procedure followed. *Hildreth v. Key*, 341 S.W.2d at 608–9[17,18].

■ In the final analysis, the resolution of questions about the competency of a child as a witness is primarily a matter for the trial court. *State v. Price*, 513 S.W.2d 392, 395 (Mo.1974). By her response to the State's questions on voir dire, the prosecutrix demonstrated, in our opinion, sufficient mental capacity to observe an event and later truthfully and accurately relate what, in fact, was observed, or in this case, what was done to her. As our Supreme Court observed in *State v. Parton*, 487 S.W.2d 523, 525 (Mo.1972), "'... [the] evidence [given by the prosecutrix] was about a subject that would naturally leave an impression upon [her] memory of a much more lasting character than if it were something that [she] merely saw or observed.'" We find no abuse of discretion in permitting the prosecutrix to testify. The argument is without merit.

■ Likewise without merit is the defendant's suggestion that the prosecutrix's evidence should be rejected because, prior to trial, she recanted in a written statement. On trial, the prosecutrix testified that her recantation was the product of her mother's urging. This court, of course, does not weigh the evidence. *State v. Brown*, 660 S.W.2d 694, 698 (Mo.banc 1983). Nevertheless, recanting testimony is exceedingly unreliable and is regarded with suspicion, and it is the right and duty

of a trial court to deny a new trial when it is not satisfied that such testimony is true. *Booth v. State*, 491 S.W.2d 286, 289[4] (Mo. 1973); *State v. Harris*, 428 S.W.2d 497, 501 (Mo.1968). In the circumstances, we cannot say that the prosecutrix's recantation prevented her evidence from being substantial or that the trial court should have granted a new trial.

■ The defendant also assigns error to the giving of Instruction No. 4, which is MAI–Cr.2d 2.20. The instruction defines "reasonable doubt." The defendant asserts that the language of the instruction "represents an unconstitutional lowering of the reasonable doubt standard required by due process in criminal cases." This contention was squarely addressed by our Supreme Court in *State v. Guinan*, 732 S.W.2d 174, 177–78 (Mo.banc 1987). That court found that when MAI–Cr.2d 2.20 is read as a whole, it properly instructs the jury upon the standard they are to use in determining the defendant's guilt or innocence. *State v. Guinan*, 732 S.W.2d at 178[6]. The point does not require further discussion. We find no error in any respect briefed or argued in this court, and accordingly, the judgment is in all respects affirmed.

PREWITT, P.J., and FLANIGAN and MAUS, JJ., concur.