**Mack PERRY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 53514.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 7, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 6, 1988.

Application to Transfer Denied
Sept. 13, 1988.

Ilene A. Goodman, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Movant appeals the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

After a mistrial, movant was convicted by a jury of two counts of assault in the first degree and one count of burglary in the first degree, for which he received sentences totalling thirty-five years' imprisonment. *State v. Perry*, 643 S.W.2d 58 (Mo. App.1982). Movant's first trial ended in a mistrial after the jury foreman told the court they could not reach a verdict. The trial court later discovered the foreman had signed the verdict forms for the assault charges as acquittals, and only the burglary charge was unsigned.

■ A claim that he was subjected to double jeopardy when he was retried on the assault charge is the basis of one of movant's four points on appeal. Movant also raised this issue in his direct appeal. We decided the point adversely to movant. *Perry*, 643 S.W.2d at 61–62[5]. An issue once raised cannot be re-raised even if the

theory propounded in support is a new one. *Windle v. State*, 669 S.W.2d 44, 46[3] (Mo. App.1984). This point is denied.

■ The remainder of the allegations of error involve matters of trial strategy. Generally trial strategy cannot form the basis of a claim of ineffective assistance of counsel. *Neal v. State*, 703 S.W.2d 570, 572[3] (Mo.App.1986). And, in evaluating counsel's conduct we do so from her perspective at the time of trial, not with the benefit of post-verdict hindsight. *Moton v. State*, 716 S.W.2d 345, 347[3] (Mo.App. 1986).

■ Thomas Morgan testified as a defense witness at movant's first trial, but not at his second trial. At the Rule 27.26 evidentiary hearing, counsel testified "he did not make a good impression as a witness and that as a matter of trial strategy I decided not to call him in the second trial." In her opinion, Morgan's testimony that movant had left a party at 1 a.m. instead of 3 a.m., as the State's evidence showed, would not have provided a defense because the crime occurred at 5 a.m. Counsel's decision not to call Morgan as a witness was not ineffective assistance of counsel. *Moton*, 716 S.W.2d at 347[1].

■ At the second trial counsel decided not to cross-examine two witnesses she had cross-examined at movant's first trial. She testified at the Rule 27.26 evidentiary hearing that she wanted to limit the testimony of one of the witnesses because "anything that [the witness] might say concerning [movant] would be damaging." As to the other witness, counsel did not cross-examine and impeach him regarding his testimony about when movant left the party because leaving at either 3 a.m. or 1 a.m. he could still have committed the crime at 5 a.m. Counsel's decision not to cross-examine two State's witnesses was not ineffective assistance of counsel. *Neal*, 703 S.W. 2d at 572[3].

■ Movant's last point concerns counsel's decision not to pursue on appeal the issue of the reliability of the identification of movant. This decision is also one of strategy. *Wright v. State*, 684 S.W.2d 412,

413[2] (Mo.App.1984). The Rule 27.26 court found that had the issue been preserved it would not have succeeded on appeal. We agree. That movant was the only person in the lineup wearing a green coat, and the description of the perpetrator included mention of a green coat would not have supported a reversal on appeal. *See State v. Howard*, 699 S.W.2d 58, 59[1] (Mo. App.1985).

■ The Rule 27.26 court is in the best position to judge the credibility of the witnesses, and here the court believed counsel's testimony not movant's. *Caraker v. State*, 712 S.W.2d 23, 24[2] (Mo.App.1986). That result of the second trial was less advantageous to movant than the result of the first trial does not prove movant received ineffective assistance of counsel at his second trial.

Judgment affirmed.

DOWD and REINHARD, JJ., concur.