Udell THOMSON, Plaintiff–Appellant,

v.

STATE of Missouri,
Defendant–Respondent.

No. 54315.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 6, 1988.

Lisa Kay Clover, Public Defender, Hillsboro, for plaintiff-appellant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

DOWD, Presiding Judge.

Appellant Udell Thomson appeals the denial of his Rule 27.26 motion to vacate judgment and sentence. We affirm.

Appellant was convicted of first degree assault, first degree burglary, and armed criminal action and was sentenced to eighteen, eight, and forty years respectively. Appellant's sentences for assault and burglary are to be served consecutively to one another and concurrently with his sentence for armed criminal action.

On July 17, 1986, appellant filed a *pro se* Rule 27.26 motion, and subsequently, his counsel filed an amended 27.26 motion in which appellant contends he was denied effective assistance of counsel, and his sentence for armed criminal action is excessive. At the 27.26 hearing, the motion court issued findings of fact and conclusions of law overruling appellant's motion, and this appeal followed.

We note that appellate review of post-conviction relief sought in a motion to vacate is limited to the determination of whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j) (repealed January 1, 1988). This court will find the findings of the motion court to be clearly erroneous only if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo. App.1986).

In his first point on appeal appellant contends the motion court erred in denying his Rule 27.26 motion, because he was denied effective assistance of counsel. Appellant argues his counsel's representation

was ineffective, because his counsel failed to investigate whether appellant was mentally competent at the time of the offense and at the time of trial.

To prevail on an ineffective assistance of counsel claim, the defendant must show that his counsel's representation fell below an objective standard of reasonableness, and as a result of his counsel's unprofessional errors, his defense was thereby prejudiced and the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984); *State v. Harvey*, 692 S.W.2d 290, 292 (Mo. banc 1985).

The basis of appellant's ineffective assistance of counsel claim is that his counsel failed to determine whether he was mentally competent at the time of the offense and at the time of trial, because his consumption of alcohol, marijuana, cocaine, and various pills on the date of the charged offense could be the basis of a possible drug related psychosis.

In the case at bar, appellant testified at the evidentiary hearing that he informed his counsel of his drug use and requested he be tested for stress evaluation and drinking. Appellant's counsel, however, testified at the evidentiary hearing, and he denied any knowledge concerning a request by appellant for any tests. Appellant's counsel testified that he discussed with appellant at the outset of his representation the possibility of a Section 552 defense [1], but he rejected this defense, because there was no factual basis for this defense and the information made available to the state as a result of using this defense outweighed the benefits of this defense.

The evidentiary court concluded that the counsel's testimony was more credible than appellant's testimony. Furthermore, the evidentiary court noted that trial counsel rejected a possible Section 552 defense only after discussing this defense with appellant and that his action was reasonable in light

of the lack of evidence of any psychosis or other mental defect or disease afflicting appellant. Disregarding the testimony of counsel, the court noted that appellant failed to overcome his burden by not offering any psychiatric or psychological expert testimony demonstrating the likelihood of a drug related psychosis resulting from his drug use.

We find that appellant failed to meet his burden of proof on the issue of ineffective assistance of counsel and deny his first point, because the motion court's findings, conclusions and judgment were not clearly erroneous.

Appellant in his second point contends the trial court erred in sentencing him to forty years for the charge of armed criminal action, because this sentence is so disproportionate to the offense committed.

Appellant's contention is without merit, because his sentence was within the provided statutory limits for punishment of armed criminal action. The range of punishment for armed criminal action is three years to life. § 571.015.1, RSMo 1978. Appellant's sentence was clearly within the statutory range and so this contention is not a matter to be considered on a Rule 27.26 motion. *Neal v. State*, 703 S.W.2d 570, 572 (Mo.App.1986). Moreover, this issue was previously raised and decided on direct appeal adversely to appellant. *State v. Thomson*, 705 S.W.2d 38, 41–42 (Mo.App. 1985). Appellant, therefore, cannot obtain another review of this issue. *Sweazea v. State*, 515 S.W.2d 499, 501 (Mo. banc 1974). Point denied.

Finding appellant's contentions to be without merit, we affirm the evidentiary court's judgment.

SIMON, J., and SIMEONE, Senior Judge, concur.

---

1. Chapter 552, RSMo 1986, provides that criminal defendants may use incompetency as a defense in certain instances.