Curtis OVERSHON, Appellant,

v.

STATE of Missouri, Respondent.

No. 16845.

Missouri Court of Appeals,
Southern District,
Division Two.

May 29, 1991.

Brad B. Baker, Columbia, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

HOGAN, Judge.

A jury found Curtis C. Overshon, to whom we shall refer as the defendant, guilty of sodomy as defined and denounced by § 566.060.2, RSMo.Supp.1984. Defendant's punishment was assessed at imprisonment for a term of fifteen (15) years. On appeal, the defendant's conviction was affirmed. *State v. Overshon,* 741 S.W.2d 834 (Mo.App.1987). The defendant thereafter filed a motion for postconviction relief pursuant to former Rule 27.26.[1] The

---

1. Sentence in this case was pronounced October 9, 1986. Defendant's motion for postconviction relief was filed December 30, 1987 and this proceeding was pending when present Rule 29.- 15 became effective. This appeal is therefore governed by the law in effect on the date the motion was filed. Rule 29.15(m); *Hodge v. State,* 749 S.W.2d 423, 424, n. 1 (Mo.App.1988).

motion court held an evidentiary hearing and denied relief. The defendant appeals. We affirm.

The only assignment of error presented to this court is that the defendant was denied the effective assistance of counsel because defendant's trial counsel did not secure the presence of the prosecutrix's mother as a witness. It appears from the record that the victim, a female child ten years of age, recanted her initial accusation prior to trial, although upon trial the prosecutrix testified directly and without equivocation that the defendant forced her to commit an act of oral sodomy upon him. See *State v. Overshon*, 741 S.W.2d at 835. Upon trial, the prosecutrix's testimony was that she had recanted at her mother's instance.

It is a rule of general application that questions raised and ruled on in a direct appeal from the judgment of conviction and sentence are not cognizable in postconviction proceedings. This is true even if the defendant has a different theory to suggest in the postconviction proceeding. *Sweazea v. State*, 515 S.W.2d 499, 501[1][2] (Mo. banc 1974); *Baker v. State*, 680 S.W.2d 278, 280[1] (Mo.App.1984). On direct appeal this court held that even if the prosecutrix's recantation statement was taken as true, that fact would not require reversal. *State v. Overshon*, 741 S.W.2d at 836[4].

Taking the defendant's point as he argues it, to establish counsel's ineffectiveness for failing to investigate and present defense witnesses, a defendant seeking postconviction relief must prove that the witness could have been located through reasonable investigation; the witness would have testified if called, and his testimony would have provided a viable defense. *Eddes v. State*, 776 S.W.2d 463, 464–65[2] (Mo.App.1989); *Hogshooter v. State*, 681 S.W.2d 20, 21 (Mo.App.1984). The record before us indicates that the prosecutrix's mother was subpoenaed but failed to appear, which negates a finding that she would testify if she were called; further, if she had testified that she did not induce her daughter to recant, such testi-

mony would not have prevented the victim's evidence from being substantial, nor would it have required a new trial. See again *State v. Overshon*, 741 S.W.2d at 836[4].

For the reasons indicated, the judgment is affirmed.

PARRISH, P.J., and FLANIGAN, C.J., concur.

