STATE of Missouri, Respondent,

v.

David WARE, Appellant.

David WARE, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 60996, 63629.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 15, 1994.

John A. Klosterman, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

The state charged and proved defendant committed first degree murder, § 565.020 RSMo.1986. He was sentenced to life in prison without probation or parole. Defendant asserts: (1) use of MAI–CR3d 310.50, which submits intoxication or addiction for jury consideration on the issue of intent, was in error because it relieved the state of the requirement of proving every element of the crime; (2) the warrantless search of defendant's apartment and subsequent seizure of evidence was a Fourth Amendment violation requiring suppression of objects seized; (3) the grand and petit jury selection procedures denied defendant the right to a jury reflecting a fair cross section of citizens; (4) the "reasonable doubt" jury instruction suggested a higher degree of doubt than is constitutionally required; and, (5) the denial of defendant's Rule 29.15 motion was error because defendant's counsel was ineffective for failing to call a witness. This witness could have testified defendant consumed large amounts of alcohol and PCP the day of the crime to support the theory of impaired condition. Affirmed.

The sufficiency of the evidence is not in dispute. The evidence viewed in the light most favorable to the verdict proved that after 5:00 p.m. on April 19, 1987, the 22–year–old defendant went to the 14–year–old victim's home. They talked for about one-half hour. They went for a walk. The victim and defendant eventually started arguing, and the argument turned into a physical struggle. When the two were in an alley, defendant choked and hit the victim. She became unconscious. Defendant removed the victim's clothing and raped her. She regained consciousness and began fighting. Defendant hit her head against the concrete until she was again unconscious. Fully aware she was still alive and breathing, de-

fendant used some steel cable he found by the alley, and he hanged her from the side-view mirror on a nearby dump truck.

After 9:30 p.m. that evening, the owners of the truck saw the victim and called for assistance. Paramedics determined that the victim was already dead. A coroner later discovered she had died from the hanging. Additionally, her skull was fractured and she had cuts and scratches on her body.

Defendant was originally indicted and tried for rape and murder. A jury convicted defendant on both counts. On appeal, this court affirmed the rape conviction. We reversed and remanded the first degree murder conviction. *State v. Ware,* 793 S.W.2d 412 (Mo.App.1990). Defendant was retried for first degree murder August 5, 1991. A jury returned a guilty verdict. The court sentenced defendant to life in prison without the possibility of probation or parole. During defendant's testimony at the Rule 29.15 hearing after the first trial, he accepted responsibility for the victim's death. Defendant's points on appeal include four direct appeal issues and one for denial of his Rule 29.15 motion.

## *DIRECT APPEAL*

■ In his first point, defendant argues the trial court erred when it submitted Instruction No. 10 (MAI–CR3d 310.50), because this instruction lowered the state's burden of proof by allowing the specific intent element of the crime to be met by evidence of defendant's intoxication. The Missouri Supreme Court sustained this position when it recently held that instruction violates due process by potentially relieving the state of the requirement of proving every element of a crime. *State v. Erwin,* 848 S.W.2d 476, 483 (Mo. banc 1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 88, 126 L.Ed.2d 56 (1993). However, the *Erwin* court unambiguously decided the holding was not to be applied retroactively unless a defendant properly preserved the issue. *Id.* at 484. Defendant did not object to the jury instruction at trial, nor did he cite it as error in his motion for new trial. Therefore, *Erwin* is inapplicable and provides defendant no assistance.

■ Additionally, we cannot find plain error in the submission of Instruction No. 10. The decision in *Erwin* to apply the holding retroactively only as a matter of preserved error forecloses that possibility. Our enforcement of the limitation is neither a manifest injustice nor a miscarriage of justice as is required for plain error. Rule 30.20. *State v. Ottwell,* 852 S.W.2d 370, 372 (Mo. App.E.D.1993); *State v. Dillon,* 869 S.W.2d 67 (Mo.App.W.D.1993). Point denied.

Defendant's second point states the trial court erred when it overruled defendant's motion to suppress evidence and objections to admission of objects seized and rejected these grounds asserted in his motion for new trial. Defendant argues the police did not have a valid search warrant when they searched defendant's apartment. Therefore, evidence seized without defendant's consent made the evidence inadmissible as a Fourth Amendment violation.

We find the evidence supported a finding defendant voluntarily consented to the search of his basement apartment, and the police's search of the apartment was within the scope of the consent given. *State v. Hyland,* 840 S.W.2d 219, 221 (Mo. banc 1992). Defendant even unlocked the door to his apartment for the police. The facts demonstrate the absence of error in finding defendant consented to the search. Point denied.

As his third point of error, defendant argues that the selection procedures by which both petit and grand juries were chosen in the City of St. Louis denied defendant a jury composed of a fair cross section of citizens. Concerning the petit jury selection system, we have recently held the procedure did not result in the underrepresentation of certain groups of people. *State v. Allen,* 845 S.W.2d 671, 673 (Mo.App.E.D.1993), *State v. Wheeler,* 845 S.W.2d 678, 681–82 (Mo.App.E.D. 1993).

■ Defendant's argued deficiencies in the grand jury process are likewise without merit. Age is not a cognizable group with respect to challenges to grand jury selection procedure. *State v. Allen,* 845 S.W.2d at 673. Defendant was indicted June 7, 1987. Defendant argues his grand jury's selection process failed to comply with §§ 494.400

through 494.505, RSMo Supp.1989, all of which were enacted in 1989 and are, therefore, inapplicable. Furthermore, when defendant was indicted, the City of St. Louis used the "Blue Ribbon" method of grand jury selection. We have held this method was proper and in accord with now-repealed § 498.310 RSMo.1986. *State v. Allen*, 845 S.W.2d at 673. Point denied.

Defendant's fourth point contends the reasonable doubt definition, "proof that leaves you firmly convinced of the defendant's guilt", suggests a higher degree of doubt than is constitutionally required for an acquittal, and thus lessens the state's burden of proof. This matter has been consistently rejected on the authority of *State v. Griffin*, 848 S.W.2d 464, 469 (Mo. banc 1993). Point denied.

## DENIAL OF RULE 29.15 RELIEF

■ Finally, defendant claims the trial court erred when it denied his Rule 29.15 motion alleging ineffective assistance of counsel for failure to call a witness at trial. The witness to whom defendant refers is Darren Smith, who was with defendant the day of the crime. Defendant argues that Smith would have testified he saw defendant consume large quantities of alcoholic beverages as well as use PCP during the day prior to the murder. Defendant believes this evidence would have convinced a jury he was guilty of a lesser crime than first degree murder for which he was convicted.

Appellate review of the denial of a Rule 29.15 motion is limited to determining whether the motion court's findings of fact, conclusions of law and ultimate decision are clearly erroneous. Rule 29.15(j), *State v. Twenter*, 818 S.W.2d 628, 635 (Mo. banc 1991), *Brummell v. State*, 770 S.W.2d 379, 380 (Mo.App. 1989). Defendant has the burden to show a reasonable probability that the result of his trial would have changed had his attorney represented him in an effective manner. *Sanders v. State*, 738 S.W.2d 856, 858 (Mo. banc 1987). Defendant must overcome the strong presumption that his attorney's actions were both reasonable and sound trial strategy. *Id.* Defendant may not rely on the "distorting effects of hindsight," and we must deferentially review the situation from the attorney's perspective at the time of representation. *Moton v. State*, 716 S.W.2d 345, 347 (Mo.App.1986).

Defendant's claim that his counsel was ineffective for failing to offer Darren Smith's testimony at trial has not been proven. When Smith testified at the Rule 29.15 hearing, he recalled they were together from 9:00 a.m. to "about 4:00 or 5:00 o'clock." Both were consuming alcoholic beverages all day. Defendant also used drugs. They were "smashed". The rape and murder occurred later that evening. The victim's body was not discovered until around 9:30 p.m. Smith was not present when the crimes occurred.

■ To establish ineffective assistance of counsel for failing to call a witness, defendant must establish: (1) by reasonable investigation, the witness could have been found, (2) the witness would have testified, and, (3) such testimony would have provided defendant with a viable defense. *Overshon v. State*, 809 S.W.2d 880, 881 (Mo.App.1991). Even if we assume the motion court believed Smith's testimony at the hearing on the motion and that it could have aided defendant in securing a guilty verdict on a lesser degree of murder, defendant did not produce testimony showing Smith could have been located and would have testified at the trial. Moreover, the missing testimony was both stale and circumstantial on the issue of intent. Significantly, the jury heard testimony of defendant's very detailed confession, which included numerous activities over a period of time, particularly that he hung the victim to prevent prosecution for the previous rape. It is highly unlikely that the evidence of the use of alcohol and drugs earlier in the day from a witness who was "smashed" would have changed the result. Point denied.

We affirm.

CRANE, P.J., and CRAHAN, J., concur.