STATE OF NEBRASKA, APPELLEE, v. LEONARD RAY ANDERSON, APPELLANT.

227 N. W. 2d 859

Filed April 10, 1975. No. 39557.

Frank B. Morrison, Sr., and Stanley A. Kreiger, for appellant.

Paul L. Douglas, Attorney General and Gary B. Schneider, for appellee.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, and NEWTON, JJ., and STUART, District Judge.

WHITE, C. J.

The defendant contends, on appeal, the excessiveness of two concurrent indeterminate sentences of 8 to 15 years for separate acts of kidnapping against two different victims. We affirm the judgments and sentences of the District Court.

The sentences here imposed did not arise out of the same incident or "transaction." They were committed against two separate young women victims at separate times on September 10, 1973. In both cases the defendant forced the two student young women at gunpoint to drive their automobiles considerable distances in the City of Omaha, Nebraska, and in one case to the vicinity of Highways Nos. 36 and 133. Both victims escaped by jumping from their cars, one while almost stopped and the other while moving at considerable speed. Further details need not be recited. The crimes were premeditated and violent and could easily have resulted in death or serious physical injury. The second kidnapping was committed with an arrogant disregard of consequences and lack of fear of apprehension for the commission of the first one.

The defendant's record, as recited in his brief, does not commend itself to a minimum or "light" sentence: In 6 years, 18 traffic charges and 11 convictions, including 1 charge for driving on a suspended license, 2 auto theft charges, a conviction for assault, 30 days in jail for larceny, and 60 days in jail for carrying a concealed weapon. The trial judge observed the defendant during the course of the trial and heard the evidence. The

defendant here is the same person involved in State v. Anderson, No. 39631, *post* p. 467, 227 N. W. 2d 857, decided solely on procedural grounds in an opinion filed today.

We find no abuse of discretion appearing in the record, a necessary condition to modification of a criminal sentence on appeal. State v. Wilson, *ante* p. 26, 225 N. W. 2d 37.

The judgment and sentence of the District Court are correct and are affirmed.

AFFIRMED.